■ In the Matter of GUSTAVE A. DOBLER et al., Respondents, v. H. ELIOT KAPLAN et al., Constituting the State Civil Service Commission, Appellants.— In a proceeding under article 78 of the Civil Practice Act, to prohibit and enjoin the State Civil Service Commission from prosecuting any proceedings before it (pursuant to section 25 of the Civil Service Law) for the purpose of rescinding the appointment of the 25 petitioners to their respective positions in the Police Departments of Suffolk County and Town of Riverhead, and revoking their eligibility for such appointment, the commission appeals from an order of the Supreme Court, Suffolk County, dated October 11, 1961, which granted the application (see 27 Misc 2d 15). Order affirmed, with $10 costs and disbursements. No opinion. Ughetta, Acting P. J., Hill, Rabin and Hopkins, JJ., concur; Kleinfeld, J., dissents and votes to reverse the order and to deny the application. [29 Misc 2d 294.]

■ In the Matter of LAMONT HOLLIDAY, Appellant, v. PAUL D. McGINNIS, as Commissioner of Correction of the State of New York, Respondent.— In a proceeding pursuant to article 78 of the Civil Practice Act to direct the respondent Commissioner of Correction to perform a duty claimed by the petitioner to be specifically enjoined by law upon the Commissioner, namely, to "recognize, accept, address and allow petitioner his inalienable right to the usage of his own original and legal family surname," i.e., Muhammad, and to "allow petitioner the equal protection of the law of this state, by ceasing the discrimination, intimidation and persecution, to which he is subjected because of his creed, in violation of the Federal and State Constitutions and Article 67, section 700 of the New York State Penal Law", the petitioner appeals from an order of the Supreme Court, Dutchess County, dated April 25, 1962, which denied the application. The petitioner's notice of appeal misdescribes said order as a "judgment". Order reversed on the law, without costs, and proceeding remitted to the Special Term for disposition not inconsistent herewith. If so advised, the respondent, within 30 days after entry of the order hereon, may serve and file an answer and affidavit or other written proof, pursuant to section 1291 of the Civil Practice Act. The situation herein is not one where an inmate of a penal institution seeks to change his name from the one he had at birth or at the time he was committed to the penal institution. On this record (wherein the allegations of the petition have not been controverted), it is undisputed that since birth the true name of petitioner, who is a member of the self-styled Black Muslim sect, has been Wallace Muhammad. Although, after escaping from a jail in Indiana, he was arrested in New York under the alias of Lamont Holliday, on his conviction here for the commission of various felonies, he stated, prior to the pronouncement of the sentences upon him as a first offender, that his true name was Wallace Muhammad. Thereupon, he was committed under the name of Holliday "true name Wallace Muhammad." In our opinion, the petition contains sufficient allegations as to prejudice and discrimination against petitioner because of his attempts to use his "true name" and because of his beliefs as a member of said Muslim sect to justify a determination thereon (Penal Law, § 700; Correction Law, § 610; Matter of Brown v. McGinnis, 10 N Y 2d 531). The relief, if any, to be accorded petitioner will depend in part upon the rules and regulations adopted for the proper discipline and management of the institution where he is confined (Matter of Brown v. McGinnis, supra). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.