■ In the Matter of Disciplinary Charges against AMBROSE J. MOUNTAIN, Respondent. JOHN B. POERSCH, as District Attorney of Schenectady County, Appellant. — Appeal from an order and judgment of the Supreme Court at Special Term (Graves, J.), entered January 13, 1982 in Schenectady County, which vacated an order to show cause and temporary restraining order staying disclosure of evidence in an administrative hearing pending the outcome of a related criminal proceeding. The Schenectady County District Attorney's office instituted a proceeding seeking relief in the nature of prohibition to forestall the disclosure of statements of witnesses ordered by the hearing officer in a disciplinary proceeding brought against Ambrose Mountain, a police officer employed by the City of Schenectady. The facts underlying the hearing revolve around the alleged rape and sodomy of a jail inmate, Dale Voorhees, by Mountain, who also stands criminally charged with these acts. Civil claims based on the same facts have been instituted against the City of

---

Schenectady by Ms. Voorhees. The District Attorney contends that a premature disclosure of the testimony of witnesses would imperil the criminal proceeding against Mountain. He contends, as well, that the hearing officer, a city corporaton counsel, has a conflict of interest in the proceedings, in that full disclosure of witnesses' statements would be beneficial to the city in the civil suit commenced against it by Ms. Voorhees. We find that the District Attorney has failed to demonstrate a right to the relief sought. Prohibition is an extraordinary remedy to be granted only if action taken or to be undertaken is clearly without jurisdiction or in excess of jurisdiction (*Matter of Rainka v Whalen,* 73 AD2d 731). The District Attorney's petition fails to allege that the hearing officer is acting in excess of his legal authority. We note that a criminal defendant has no right to stay a disciplinary proceeding pending the outcome of a related criminal trial (*Matter of Geary,* 80 Misc 2d 963; *Matter of Dobler v Kaplan,* 27 Misc 2d 15, 16, affd 18 AD2d 828). It follows that the prosecution has no greater right to protect its case. We find that prohibition was properly denied. The conflict of interest argument propounded by the District Attorney must fail as well. The question of whether there is a conflict of interest, which may be crucial to the interests of litigants in the administrative hearing, is unrelated to the fundamental issue relevant in a prohibition proceeding, namely, whether the hearing officer acted in excess of his authority. Order and judgment affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.