■ Gus Bevona, Respondent, v Emsof Realty Co., Appellant.—Judgment, Supreme Court, New York County (David H. Edwards, Jr., J.), entered July 24, 1989, which granted petitioner's application to confirm an arbitration award and awarded petitioner, on account of an aggrieved employee, $24,860.69, unanimously affirmed, with costs.

The subject arbitration concerned justifiable cause for the dismissal of an employee in September 1985. The employee was reinstated in October 1986 after respondent employer declared it was not ready to proceed and requested an adjournment, with the matter being adjourned peremptorily against it. Although the employer was sent notice of the time and place of the final hearing date, it failed to appear and the subject arbitration award was rendered.

Respondent employer now contends that after the adjourned date, its representation was undertaken by an attorney, who was not then notified of the time and place of the final hearing date as would be the arbitrator's duty under CPLR 7506 (b), (d). This failure, it is argued, constitutes grounds for vacating the arbitration award as a "failure to follow the procedure" of CPLR article 75. (CPLR 7511 [b] [1] [iv].) We reject such claim as the record fails to indicate that the arbitrator was ever informed in any manner of the commencement of the purported representation by the attorney. We note that respondent employer clearly was not so represented through 1986 and was notified of the final hearing date and failed to have any representative present. We have examined appellant's other contentions and find them to be without merit. Concur—Kupferman, J. P., Carro, Milonas, Wallach and Smith, JJ.