■ ROBERT RINAOLO et al., Appellants, v HOWARD BERKE et al., Respondents. [595 NYS2d 462] —Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered November 24, 1992, which, *inter alia,* confirmed the arbitration award dated July 24, 1992, unanimously affirmed, with costs.

Judicial review of an arbitration award is extremely limited. Indeed, such awards may not be vacated for mistakes of fact or law *(Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308). Plaintiffs have failed to demonstrate any of the grounds under CPLR 7511 (b) for vacating the instant arbitration award. The arbitrator did not exceed his powers or fail to properly execute them under the circumstances. While plaintiffs assert that the arbitrator failed to account for certain agreements and possible conflicts, it is clear that the arbitrator was aware of these agreements and alleged conflicts and plaintiffs' claims regarding them. Accordingly, inquiry into these specific claims is precluded by the arbitrator's plenary authority to rule on these issues pursuant to the relevant broad arbitration clauses. Moreover, the arbitrator's award does not bind the mortgagee in this case; the mortgagee may take whatever action it feels is necessary under the circumstances. Finally, we note that the arbitration award was certainly not "totally irrational" or contrary to public policy *(supra,* at 308).

We have considered all other claims and find them to be of no merit. Concur—Sullivan, J. P., Milonas, Kassal and Rubin, JJ.