■ In the Matter of the Arbitration between GUS BEVONA, as President of Local 32B-32J, Service Employees International Union, AFL-CIO, Respondent, and ALMA REALTY, Appellant. [607 NYS2d 35] —Order and judgment (one paper), Supreme Court, New York County (William P. McCooe, J.), entered December 31, 1992, which, *inter alia,* granted the petition to confirm an arbitration award, and denied respondent's cross-motion to vacate the award, unanimously affirmed, without costs.

Although there is some question as to whether respondent Alma Realty, ostensibly the managing agent, executed the collective bargaining agreement in its own right so as to be bound as a principal, the claim is waived by respondent's failure to move to stay arbitration on that basis *(Bevona v Valencia,* 191 AD2d 192), as well as its participation in the arbitration proceedings without raising the claim *(Binghamton Civ. Serv. Forum v City of Binghamton,* 44 NY2d 23, 29). With respect to the failure to notify counsel of the adjourned date, no request was made that counsel be notified separately from respondent itself, and no prejudice was shown. Our holding in *Apollo Reproductions v West 35th St. Assocs.* (186 AD2d 52) is thus distinguishable. Moreover, respondent's counsel never averred that he was unaware of the adjourned date —only that notice had not been given. As there had been numerous prior defaults, and as the matter had been marked peremptory against respondent, it was not an abuse of discretion to deny a further adjournment *(Bevona v Emsof Realty Co.,* 160 AD2d 463). Concur—Sullivan, J. P., Rosenberger, Kupferman and Ross, JJ.