■ Gus Bevona, as President of Local 32B-32J, Service Employees International Union, AFL-CIO, Respondent, v David Malek et al., Appellants. [638 NYS2d 54] —Order, Supreme Court, New York County (Carol Huff, J.), entered August 16, 1995, which granted petitioner's application to confirm the arbitration award directing respondents to pay six months severance to discharged employees, unanimously affirmed, with costs.

The award is not a "completely irrational" interpretation of the contract provision requiring six months severance pay for discharged employees following a sale of the building (Sweeney v Herman Mgt., 85 AD2d 34, 39), and any error of fact relating to whether respondents were party to the agreement is not judicially reviewable (see, Matter of Bevona [Alma Realty], 201 AD2d 309; Rinaolo v Berke, 192 AD2d 329, lv denied 81 NY2d 711). Since the date of purchase of the index number was given on the request for judicial intervention, which was included among the papers served upon respondents, the initial omission of that date on the notice of petition did not result in any prejudice to respondents, and dismissal of the action for noncompliance with CPLR 305 (a) is unwarranted (cf., Cellular Tel. Co. v Village of Tarrytown, 209 AD2d 57, 64, lv denied 86 NY2d 701; Matter of Miner Co. v Lone Wolf Insulation, 219 AD2d 831). Concur—Sullivan, J. P., Ellerin, Nardelli and Williams, JJ.