■ GIANINA CRUZ et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Defendant. [702 NYS2d 284] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered May 14, 1998, which denied plaintiffs' motion to strike defendant New York City Housing Authority's fifth and seventh affirmative defenses and which granted defendant New York City Housing Authority's cross-motion to dismiss the complaint for failure to serve a proper notice of claim, unanimously reversed, on the law, without costs, plaintiffs' motion granted, defendant's fifth and seventh affirmative defenses stricken, defendant's cross-motion denied and the complaint reinstated. Appeal from order, same court and Justice, entered April 2, 1999, which denied plaintiffs' motion to renew and reargue, unanimously dismissed, without costs, as academic in view of the foregoing.

Plaintiffs commenced this personal injury action seeking damages sustained when a metal grate in the backyard of a New York City Housing Authority-owned building fell on the hand of the infant plaintiff. The Housing Authority defendant's answer asserted in its fifth affirmative defense that plaintiffs did not serve a proper notice of claim since the notice did not specifically identify which metal grate was involved in the accident. The seventh affirmative defense in defendant's answer asserted that there was no jurisdiction since the summons with notice did not set forth the index number or the date of filing.

Sufficiency of a notice of claim depends upon whether the defendant is able to adequately investigate the claim (*O'Brien v City of Syracuse*, 54 NY2d 353, 358; *Miles v City of New York*, 173 AD2d 298). Location information is sufficient if the defendant can ascertain where the event happened " 'with a modicum of effort' " (*Reyes v New York City Hous. Auth.*, 221 AD2d 240 [citation omitted]; *Lord v New York City Hous. Auth.*, 184 AD2d 406). The notice of claim specified that the infant had been injured when "a large metal gate" fell. The notice provided specific measurements of the "gate" and situated it "in the backyard" of a defendant-owned building at a particular address. There were no more than 15 gratings in the backyard of defendant's building. The information contained in plaintiffs' notice of claim was clearly sufficient to enable defendant to investigate the merits of this claim. In any event, defendant has failed to demonstrate any prejudice resulting from the description nor had defendant excluded the possibility that the notice defects were remedied at the General Municipal Law § 50-h hearing (*cf., Ortiz v New York City Hous. Auth.*, 214 AD2d 491).

While it is undisputed that the index number and the date of filing were not included on the summons with notice served by plaintiffs, a failure to comply with the technical requirements of CPLR 305 (a) does not warrant dismissal unless there is a showing of prejudice caused by such defect (*Bevona v Malek*, 224 AD2d 317, *lv denied* 88 NY2d 807). Defendant failed to show any prejudice whatsoever. Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Buckley, JJ.