■ MONSERRATE LAMBOY, Respondent, v PEACOCK COLOR OFFSET CORP., Defendant, and ARTHUR SINARI, Appellant. [729 NYS2d 8] —Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about February 17, 2000, which, in an action for assault, denied defendant-appellant's motion to vacate a default judgment, unanimously modified, on the law, the facts and in the exercise of discretion, the money judgment dated June 15, 1995, entered on or about July 18, 1995, and re-entered on April 30, 1996, vacated, and the matter remanded to the Supreme Court, New York County, for an inquest on the issue of damages only, and otherwise affirmed, without costs.

Defendant Arthur Sinari (hereinafter defendant) argues that

the action was not properly commenced, and therefore must be dismissed insofar as it is asserted against him, because the summons on file with the County Clerk, submitted by plaintiff in support of his motion for a default judgment, does not bear the County Clerk's date stamp and is dated June 28, 1994, while the complaint on file and the request for judicial intervention indicate a filing date of June 15, 1994. We reject this contention.

Proof that plaintiff filed a summons and complaint is manifest from the very issuance of an index number, and proof that the index number was issued on June 15, 1994 is manifest from the County Clerk's receipt showing that date. That the summons and complaint filed on June 15 are not in the County Clerk's file, that plaintiff's attorney never obtained or did not retain for his own files a copy of the date-stamped summons and complaint, and that plaintiff's attorney apparently prepared another summons and complaint on June 28, 1994, one day before defendant was served, do not change the fact that the action was commenced on June 15, 1994, the date the County Clerk issued the index number (*see, Bevona v Malek,* 224 AD2d 317, *lv denied* 88 NY2d 807).

In the alternative, defendant argues that the IAS court improvidently exercised its discretion in denying his motion to vacate the money judgment entered against him on or about July 18, 1995. However, defendant first moved to vacate the money judgment almost four years after its entry. Consequently, defendant is precluded from seeking relief based on excusable default, a remedy which must be pursued within one year of entry of the judgment (*see,* CPLR 5015 [a] [1]). In any event, even if the motion were timely, defendant failed to proffer a reasonable excuse for his default in answering the complaint.

Furthermore, the IAS court did not improvidently exercise its discretion in refusing to extend the defendant's time to move pursuant to CPLR 5015 (a) (1) (*see, Luna Baking Co. v Myerwold,* 69 AD2d 832, 833; *see also, Michaud v Loblaws, Inc.,* 36 AD2d 1013, 1014; *Ballard v Billings & Spencer Co.,* 36 AD2d 71, 75-76), as defendant failed to offer a reasonable excuse for the prolonged delay in moving to vacate the judgment.

While we agree that defendant did not provide a reasonable excuse for his original default in answering and his subsequent failure to timely move to vacate the judgment, under the unique circumstances presented here, we exercise our discretion and remand the matter for a new inquest on the issue of

damages only. Defendant did not appear at the inquest, which awarded plaintiff the principal amounts of $185,000 for past pain and suffering and $1,500,000 for future pain and suffering. Concur—Nardelli, J. P., Tom, Ellerin, Buckley and Marlow, JJ.