OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
*49 The summons and complaint in the instant case were purportedly served upon defendant in Ohio. However, the affidavit of service thereof, which was executed in Ohio, failed to comply with CPLR 2309 (c) and Real Property Law § 299-a. Some cases note that an affidavit executed outside the state is defective due to the failure to comply with CPLR 2309 (c), but that the defect can be waived or cured nunc pro tunc (see e.g. Sparaco v Sparaco, 309 AD2d 1029, 1031 [2003]; Nandy v Albany Med. Ctr. Hosp., 155 AD2d 833 [1989]; Raynor v Raynor, 279 App Div 671 [1951]; cf. Jenkins v Diamond, 308 AD2d 510 [2003]; Citibank [S.D.] N.A. v Santiago, 4 Misc 3d 138[A], 2004 NY Slip Op 50899[U] [App Term, 2d & 11th Jud Dists 2004]; Ford Motor Credit Co. v Prestige Gown Cleaning Serv., 193 Misc 2d 262 [2002]). Inasmuch as the cases overlooking a violation of CPLR 2309 (c) do not involve an affidavit of service which fails to comply with CPLR 2309 (c), we hold that where, as here, the affidavit at issue is the affidavit of service of the summons and complaint, the violation of CPLR 2309 (c) precludes entry of a default judgment based upon said affidavit because service of the summons and complaint bears upon defendant’s ability to appear and answer. As a result, the doctrines of waiver and cure have no application here.
Pesce, P.J., Patterson and Rios, JJ., concur.