In the Matter of MICHAEL J. WATSON, Respondent, v CITY OF JAMESTOWN et al., Appellants. [810 NYS2d 697]—

Appeal from a judgment (denominated order) of the Supreme Court, Chautauqua County (Paula L. Feroleto, J.), entered September 15, 2005 in a proceeding pursuant to CPLR article 78. The judgment granted the petition and prohibited respondents from proceeding with the Civil Service Law § 75 disciplinary hearing against petitioner until the related criminal charges were resolved.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner, a police officer with respondent Jamestown City Police Department (Police Department), commenced this CPLR article 78 proceeding seeking, inter alia, judgment prohibiting respondent City of Jamestown and its Police Department from proceeding with the Civil Service Law § 75 disciplinary hearing against petitioner until the related

criminal charges were resolved. Supreme Court erred in granting the petition. "Prohibition is an extraordinary remedy to be granted only if action taken or to be undertaken is clearly without jurisdiction or in excess of jurisdiction" (*Matter of Mountain [Poersch]*, 89 AD2d 632, 633 [1982]). "[A] criminal defendant has no right to stay a disciplinary proceeding pending the outcome of a related criminal trial" (*id.*; *see Matter of Geary*, 80 Misc 2d 963, 965 [1975]). We reject the contention of petitioner that a stay is required in order to protect his constitutional rights (*see Matter of De Marco v City of Albany*, 75 AD2d 674, 675 [1980]; *see generally Matter of Matt v Larocca*, 71 NY2d 154, 159-160 [1987], *cert denied* 486 US 1007 [1988], *reh denied* 487 US 1250 [1988], *rearg dismissed* 78 NY2d 909 [1991]). Present—Scudder, J.P., Kehoe, Martoche, Green and Hayes, JJ.