■ In the Matter of MARILYN CHAPLIN, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [850 NYS2d 425]—

Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered January 30, 2006, which denied the petition brought pursuant to CPLR article 78 seeking to annul respondent's determination to terminate petitioner's employment as a New York City schoolteacher, unanimously affirmed, without costs.

Petitioner's argument that the award should be vacated because the arbitrator failed to adjourn the penalty phase of the hearing (Education Law § 3020-a [4] [a]) until after petitioner's appeal has not been preserved (*see Matter of Bevona [Alma Realty]*, 201 AD2d 309 [1994]). Although petitioner sought and obtained stays of the arbitration proceeding in order to permit the criminal trial to take place prior to the hearing, she failed to ask for a stay of the penalty phase pending appellate review of her criminal conviction. Indeed, in motion practice disputing the preclusive effect of the guilty verdict in her disciplinary proceeding, petitioner argued that a penalty hearing to assess her fitness to teach was appropriate, and her request was granted.

In any event, there was no basis for vacating the award. A criminal defendant does not have a right to stay a related disciplinary proceeding pending the outcome of trial (*Matter of Watson v City of Jamestown*, 27 AD3d 1183 [2006]), and a stay is not required for the protection of her constitutional rights.

The penalty of termination was in accord with due process, supported by the record evidence, and is not shocking to our sense of fairness (*see Matter of Smith v Board of Educ. of Wantagh Union Free School Dist.*, 259 AD2d 704 [1999]). Petitioner's misconduct compromised her ability to function in her job and constituted unacceptable behavior. Acts of moral turpitude committed in the course of public employment are an appropriate ground for termination of even long-standing employees with good work histories (*see Matter of Kelly v Safir*, 96 NY2d 32 [2001]). Concur—Tom, J.P., Saxe, Gonzalez, Buckley and Catterson, JJ.