OPINION OF THE COURT
Philip S. Straniere, J.
*792 Upon further review of the above file, the court is amending its prior order dated February 17, 2010 as follows:
The assignment of judgment from Chase Bank USA, N.A. to DebtOne, LLC for the above case must be rejected for the following reasons:
1. The assignment submitted by Chase lacks an acknowledgment as required by the Civil Practice Law and Rules. The CPLR provides: “[CPLR § 5019] (c) Change in judgment creditor. A person other than the party recovering a judgment who becomes entitled to enforce it, shall file ... a copy of the instrument on which his authority is based, acknowledged in the form required to entitle a deed to be recorded.”
Although the assignment is notarized, the CPLR requires that the document be acknowledged in the form required for the recording of a deed (see Real Property Law §§ 299, 309-b). The failure to do so makes the assignment ineffective.
2. The assignment of judgment filed with the court was not prepared by counsel for Chase Bank but is signed by an employee whose title is “Team Leader.” It does not indicate whether there will be new counsel of record for the assignee DebtOne, or if the prior counsel, Chase’s Legal Department, will remain the attorney of record for further notices from the court or in the event the defendant seeks to vacate the default. CPLR 321 (a) requires all corporations to appear by counsel. Case law has applied this requirement to limited liability companies (Monte Carlo v Yorro, 195 Misc 2d 762 [2003]). Therefore, Chase must indicate in the assignment if there will be new counsel for the assignee. The failure to indicate new counsel makes the assignment ineffective.
3. In addition to not fulfilling the requirement pursuant to CPLR 5019, the assignment is not accompanied by a certificate of conformity establishing the authority of the notary to take the acknowledgment (see Ford Motor Credit Co. v Prestige Gown Cleaning Serv., 193 Misc 2d 262, 264 [2002]; CPLR 2309 [c]; Real Property Law § 299-a; Raytsin v Discover Bank, N.A., 6 Misc 3d 48 [2004]). The failure to attach a certificate of conformity makes the assignment ineffective.
4. As assignee of the Chase judgment, the court must conclude that DebtOne is attempting to establish its right to enforce the judgment and would be seeking to step into Chase’s shoes and utilize the court and the legal system to do so. DebtOne has not shown that it is a corporation authorized to do business in New York. In order to use the courts of the State of New York, a *793 foreign corporation is required by article 13 of the Business Corporation Law to register to do business in New York. Likewise, a similar registration requirement exists for foreign limited liability companies in article VIII of the Limited Liability Company Law. A search of the New York Division of Corporations Web site does not list DebtOne as an entity registered to do business in New York. Furthermore, in New York, debt collection agencies must be licensed (see Administrative Code of City of NY § 20-490). There is no showing that DebtOne has such a valid license. DebtOne appears to be registered in Louisiana. Because this is one of more than 100 assignments from Chase to DebtOne, it must be concluded that DebtOne intends to embark on a course of collecting debts in New York. To do so, it must comply with the laws of New York. The failure to properly register makes the assignment ineffective.
5. The rules of this court also require the judgment debtor to receive notice of the assignment. There is no evidence that either the assignor or the assignee has given such notice. The recent experience of the Civil Court showing large numbers of default judgments being obtained in credit card cases against consumers far in excess of the default rate in regard to all other litigation, as well as studies done by independent consumer rights groups showing improper service of process in regard to credit card debt, requires that such notice be given to the defendant. The situation has been so fraught with abuse that the Civil Court has instituted an additional mailing to the defendant giving him or her notice that a default judgment is about to be entered. Further, on a regular basis this court encounters defendants being sued on the same debt by more than one creditor alleging it is the assignee of the original credit card obligation. Often these consumers have already entered into stipulations to pay off the outstanding balance due the credit card issuer and find themselves filing an order to show cause to vacate a default judgment from an unknown debt purchaser for the same obligation. Without receiving such notice of the assignment, a debtor seeking to make any application to the court would not have any idea as to which alleged creditor is to be served.
This court had previously discussed the issue of whether or not a notice of assignment was required in consumer credit cases in MBNA Am. Bank, N.A. v Nelson (15 Misc 3d 1148[A], 2007 NY Slip Op 51200[U] [2007]) and concluded that the issue *794 was not ripe for ruling on in that litigation. The attempt of Chase to execute these bulk assignments to an unlicensed out-of-state debt collector requires the court to articulate a firm policy in regard to service of a notice of assignment on the debtor. It is clear however, that due process requires that notice of the assignment be given to the debtor by the assignor and not by the assignee. The credit card holder had his or her agreement with the credit card issuer and not with the unknown third-party debt purchaser so that receipt of notice from the third-party debt purchaser does not satisfy due process standards.
Allowing the assignee to give notice would enable dishonest debt collectors to search the court records, obtain the names of judgment debtors and send the debtor a letter stating they have purchased the debt from credit card issuers such as Chase and the debtor should make all payments to the third party. Requiring the assignor-credit card issuer to serve the notice would reduce the incidents of fraud in this regard. The Federal Fair Debt Collection Practices Act lists 16 “false, deceptive or misleading” practices, some of which would not be available by requiring a notice of assignment to be given by the assignor to the debtor. The trend in consumer protection law is to require such notice (see Uniform Consumer Credit Code 1974 § 3.204, ULA Cons Credit § 3.204 [2009]), especially in dealing with consumer credit debt where the vast majority of defendants are unrepresented, unsophisticated individuals. As the Court of Appeals stated in Tri City Roofers v Northeastern Indus. Park (61 NY2d 779, 781 [1984]): “A judgment debtor is not called upon to search the county’s records every time he is served with an execution or desires to make a payment on his debt.” The failure to establish that notice of the assignment was given to the debtor makes the assignment ineffective.
6. In examining the court file in regard to this litigation, it is apparent that the default judgment against the defendant must be vacated. The summons and complaint were served pursuant to CPLR 308 by “substituted service” with an additional mailing. The affidavit of the process server indicates service and mailing was made at an address on Stonegate Drive, Staten Island, New York. The second mailing as required by CPLR 308 was made to a different address at Orlando Street, Staten Island, New York. There is no explanation as to why the second mailing was made at a different address. This failure to comply with the statute requires that the judgment against the defendant be vacated.
*795 Plaintiff Chase must either re-serve the summons and complaint in a manner consistent with the New York City Civil Court Act or, by motion on notice to the defendant, submit an affidavit as to why service was made at a different address.
The clerk of the court is directed to reject the assignment of judgment from Chase to DebtOne until the defects set forth above are corrected.
The clerk of the court is further directed to vacate the default judgment and dismiss this action for Chase’s failure to comply with the CPLR in regard to service.