1078

[912 NYS2d 385]

BLOOMINGDALE ROAD JUDGEMENT RECOVERY, Plaintiff, v ERIC WISE, Defendant.

BLOOMINGDALE ROAD JUDGEMENT RECOVERY, Plaintiff, v KATHERINE COOK, Defendant.

BLOOMINGDALE ROAD JUDGEMENT RECOVERY, Plaintiff, v LUIS A. LOPEZ et al., Defendants.

BLOOMINGDALE ROAD JUDGEMENT RECOVERY, Plaintiff, v DUANE WOODS, Defendant.

BLOOMINGDALE ROAD JUDGEMENT RECOVERY, Plaintiff, v DAVID McGRAW, Defendant.

BLOOMINGDALE ROAD JUDGEMENT RECOVERY, Plaintiff, v CHRISTOPHER HENRY et al., Defendants.

BLOOMINGDALE ROAD JUDGEMENT RECOVERY, Plaintiff, v SANDRA SEVILLA et al., Defendants.

BLOOMINGDALE ROAD JUDGEMENT RECOVERY, Plaintiff, v GILBERT CATRON et al., Defendants.

BLOOMINGDALE ROAD JUDGEMENT RECOVERY, Plaintiff, v GORDON STUCKEY, Defendant.

BLOOMINGDALE ROAD JUDGEMENT RECOVERY, Plaintiff, v DARRIN HOLYCROSS et al., Defendants.

BLOOMINGDALE ROAD JUDGEMENT RECOVERY, Plaintiff, v ANTHONY BANKS et al., Defendants.

BLOOMINGDALE ROAD JUDGEMENT RECOVERY, Plaintiff, v LARRY BAYNE, JR., Defendant.

Supreme Court, Kings County, October 13, 2010

**APPEARANCES OF COUNSEL**

*Bloomingdale Road Judgement Recovery*, plaintiff pro se.

**OPINION OF THE COURT**

CAROLYN E. DEMAREST, J.

Plaintiff moves for a default judgment pursuant to CPLR 3215 against defendants in 12 separate actions for breaches of vehicle lease agreements. Plaintiff is seeking judgment with nine percent interest.

## Background

The pro se plaintiff commenced *Bloomingdale Road Judgement Recovery v Wise* (index No. 31984/09) by summons and notice to recover the outstanding debt the defendant allegedly owes on the lease of a truck. This is one of 12 nearly identical actions brought by plaintiff against different defendants (collectively, Bloomingdale Actions).[1] The pattern of an Illinois contract assigned through various entities, ultimately to plaintiff here, is consistent in each case as is the lack of any nexus between New York State and the defendants. In *Bloomingdale v Wise*, Robert Porter, the original lessee, entered into an agreement with AEL Financial, a company based in Illinois, on August 25, 2006, stipulating that he was to make 60 payments of $952.91 each for the lease of a truck. On September 18, 2006, AEL Financial transferred the lease to Full Circle Funding. Mr. Porter made 17 payments before transferring the lease and the truck to the defendant, domiciled in Maryland, on or about November 1, 2008 pursuant to a written agreement with AEL Financial.[2] Defendant allegedly agreed to pay the remaining 43 payments in addition to a final payment of $3,795, to AEL Financial, acting as an agent or servicer for Full Circle Funding.[3]

On September 1, 2009, Gil Kreiter, manager of Full Circle Funding, assigned the lease to another entity under his control, plaintiff Bloomingdale Road Judgement Recovery. Plaintiff allegedly has a place of business in New York; however, the business is not incorporated in New York, nor is it registered to do business in New York under the name Bloomingdale Road Judgement Recovery according to the New York State Department of State Division of Corporations database. Plaintiff alleges that defendant failed to make the required payments after February 5, 2009 and plaintiff had the truck repossessed and sold for $3,950; however, there is no proof of this transaction. Plaintiff now seeks to recover $39,833.04, the remainder of the amount due under the lease, with nine percent interest on that

---

1. In the interest of judicial economy, this decision will fully describe the facts in *Bloomingdale Road Judgement Recovery v Wise* and note the relevant factual differences in the other 11 actions. (*See* n 4.)

2. In the remaining actions, the defendants were the original lessees and/or personal guarantors of the leases with AEL Financial.

3. The documentation submitted, including letters between AEL Financial and Full Circle Funding, indicates that at least some of these leases, including that of Robert Porter, were sold to Full Circle as part of a securitization pool.

sum.[4] Defendants have not answered or appeared in these actions.[5]

## Discussion

Plaintiff commenced the Bloomingdale Actions by filing and serving a summons and notice without a complaint. In each case, the "Summons with Notice" summoned the defendants "to appear in this action by serving a notice of appearance on the plaintiff at the address set forth below." However, the summonses did not list the date of filing with the county clerk and, with the exception of the summons with notice in *Bloomingdale*

---

4. The following chart notes the relevant factual variations in the Bloomingdale Actions. The dates of leases, assignments, and contracts have not been included as they are not relevant to the determination of these default motions. It is noted that the "judgment sought," as indicated in the plaintiff's memoranda of law submitted at this court's direction, differed in various amounts from the amount originally sought in the summonses in each action. It is not clear why the amounts varied.

| Index No. | Defendant(s) | State of Residence of Defendant(s) | Judgment Sought | Alleged Sale Value of Repossessed Truck |
|---|---|---|---|---|
| 40276 | Katherine Cook | NC | $49,020.33 | $11,400 |
| 40306 | Luis A. Lopez and Carlos Sanchez | FL | $76,011.08 | $16,450 |
| 40337 | Duane Woods | GA | $40,778.25 | No alleged repossession |
| 30640/09 | David McGraw | FL | $38,694.30 | $5,760 |
| 30644/09 | Christopher Henry and Stacey Matthews | GA | $67,357.96 | No alleged repossession |
| 30973/09 | Sandra Sevilla and Moises Sevilla | IL | $43,010.75 | $14,060 |
| 31084/09 | Gilbert Catron and Nortac Transportation | WV | $124,445.44 | No alleged repossession |
| 31444/09 | Gordon Stuckey | NC | $97,487.46 | No alleged repossession |
| 31445/09 | Darrin Holycross and Dale Edwards | IL | $74,501.72 | No alleged repossession |
| 31446/09 | Anthony Banks and Barbara Banks | MD | $62,511.90 | No alleged repossession |
| 40398 | Larry Bayne, Jr. | MS | $66,674.72 | $12,000 |
| 31984/09 | Eric Wise | MD | $39,833.04 | $3,950 |

5. Chambers received a letter from the defendant in *Bloomingdale Road Judgement Recovery v McGraw* (index No. 30640/09) addressed to "Supreme Court of New York" prior to the first appearance on the default motion. In the correspondence, the defendant indicated he had never heard of Bloomingdale Road Judgement Recovery and he was unaware that his contract with AEL Financial was "being sold to or serviced by another company." The defendant's correspondence noted that

> "[t]he 'Summons' also stated that I was to respond to this request within 30 days of January 8, 2010 but nowhere on the paper work was there an address for me to mail my response. I cannot respond to the letter if I do not know where to mail the response."

*v Wise*, the plaintiff did not list its address on the summonses. In the summonses that do not include the plaintiff's address, the plaintiff is merely identified as "Gil Kreiter, owner Bloomingdale Road Judgement Recovery" along with a phone number and facsimile number. Pursuant to CPLR 305 (a), "[a] summons shall specify the basis of the venue designated and if based upon the residence of the plaintiff it shall specify the plaintiff's address, and also shall bear the index number assigned and the date of filing with the clerk of the court." According to the basis of venue listed in the summonses, the plaintiff commenced the Bloomingdale Actions in this venue based upon the plaintiff's residence. Accordingly, the omission of the plaintiff's address and filing date in the summonses with notice are clear violations of CPLR 305 (a).

The Second Department has held that the omission of an index number or the summons filing date in a summons, in violation of CPLR 305 (a), is not a jurisdictional defect and the dismissal of the action on these grounds is not warranted (*see Maldonado v County of Suffolk*, 229 AD2d 376, 377 [2d Dept 1996]; *Cellular Tel. Co. v Village of Tarrytown*, 209 AD2d 57, 64 [2d Dept 1995]). However, the Second Department has also held that the omission of notice stating the nature of the action and the relief demanded in a summons, where a complaint is not served, is a jurisdictional defect pursuant to CPLR 305 (b) (*see Micro-Spy, Inc. v Small*, 9 AD3d 122, 125 [2d Dept 2004]; *McDermott v Hoenig*, 32 AD2d 838 [2d Dept 1969]; *see also Parker v Mack*, 61 NY2d 114, 116-117 [1984]; *Scaringi v Broome Realty Corp.*, 191 AD2d 223 [1st Dept 1993]). While the First Department has indicated that "a failure to comply with the technical requirements of CPLR 305 (a) does not warrant dismissal unless there is a showing of prejudice caused by such defect" (*Cruz v New York City Hous. Auth.*, 269 AD2d 108, 109 [1st Dept 2000]), the Second Department does not appear to have addressed whether the absence of the plaintiff's address in the summons with notice is a jurisdictional defect.

"The purpose of the summons is to notify a defendant that plaintiff seeks a judgment against defendant so that a defendant may take such steps as may seem advisable to protect defendant's interests" (*Niemiec v Niemiec*, 180 Misc 2d 207, 209-210 [Sup Ct, Richmond County 1999]). There is limited case law addressing whether the omission of the plaintiff's address from the summons is a jurisdictional defect. In *Cestaro v Osorio* (21 Misc 3d 1144[A], 2008 NY Slip Op 52496[U], *6 [Sup

Ct, Bronx County 2008]), the Supreme Court held that "the failure to articulate the grounds for venue and the failure to provide plaintiff's address . . . is an irregularity and not a jurisdictional defect." However, the court also noted "that the failure to comply with the technical pleading requirements promulgated by CPLR § 305(a), [is a] mere irregularit[y], not tantamount to a jurisdictional defect, and thus no dismissal of an action is warranted *unless there is a demonstration of prejudice*" (*Cestaro*, 2008 NY Slip Op 52496[U], *3 [emphasis added], citing *Cruz*, 269 AD2d at 108). Here, there is no question that the noted omission of plaintiff's address caused prejudice to defendants.

The present action is distinguishable from the *Cestaro* action, which was also "for alleged damages incurred as a result of defendant's default on a lease," as there is no indication in *Cestaro* that the defendant was actually unaware of the identity of the plaintiff as is the case here (*see Cestaro*, 2008 NY Slip Op 52496[U], *1). In *Cestaro*, prior to moving to dismiss, the defendant was in contact with the plaintiff with respect to the issues of service and the content of the summons, and was therefore clearly not prejudiced by the omission of the required information (*see also Cellular*, 209 AD2d at 64 [the omission in the original pleading was corrected by the service of a "duplicate" copy of the summons and complaint which included the omitted information in a timely manner]). However, in the present actions, there is no indication that the defendants were even aware of the identity of the plaintiff or the assignment of the leases prior to receiving the summonses. Further, with the exception of the defendant in *Bloomingdale v Wise*, there is no indication that the defendants learned of the plaintiff's address, and thus the address for proper service of an answer or dispositive motion, prior to service of the notice of motion for a default judgment. As is evidenced by the correspondence submitted by the defendant in *Bloomingdale v McGraw*, the defendants "cannot respond to the [summons] if [they] do not know where to mail the response." As the purpose of the summons is to notify the defendants of the plaintiff's claim so the defendants may protect their interests, the omission of the plaintiff's address clearly prejudiced the defendants and hindered their ability to serve an answer or motion in these actions. The plaintiff's default motions rely on the premise that the defendants failed to answer the summonses. Accordingly, as the omission of the plaintiff's address from the summonses was a violation of CPLR

305 (a), which prejudiced the defendants by hindering their ability to respond, plaintiff has failed to establish the predicate for the relief requested, defendants' default in answering. The motions for default judgment must therefore be denied.

Further, even if this court permitted plaintiff to amend the summonses pursuant to CPLR 305 (c), plaintiff would be unable to cure the defect pursuant to CPLR 306-b, which requires service of the summons with notice within 120 days after filing of the summons with notice. While this court would not be permitted to sua sponte dismiss the action pursuant to CPLR 306-b (*see Daniels v King Chicken & Stuff, Inc.*, 35 AD3d 345 [2d Dept 2006]), plaintiff would be subject to a dismissal motion pursuant to CPLR 306-b should it attempt to cure the deficiency in its summonses as the court records indicate that the summonses were filed between December 2, 2009 and December 16, 2009, more than 120 days ago. Therefore, the dismissal, without prejudice, of the Bloomingdale Actions, with the exception of *Bloomingdale v Wise*, is warranted (*see Cellular Tel. Co.*, 209 AD2d at 64; *Cruz*, 269 AD2d at 109).

 The summons with notice in *Bloomingdale v Wise* was purportedly served upon the defendant in Maryland. However, the affidavit of service of the summons with notice, which was executed in Maryland, failed to comply with CPLR 2309 (c). "For an out-of-state affidavit to be admissible, it must comply with CPLR § 2309(c), which requires that an out-of-state affidavit be accompanied by a certificate of conformity" (*Indymac Fed. Bank FSB v Hamilton*, 2009 NY Slip Op 32510[U], *7 [Sup Ct, Suffolk County 2009]; *see Raytsin v Discover Bank, N.A.*, 6 Misc 3d 48, 49 [App Term, 2d Dept 2004]). Where a violation of CPLR 2309 (c) involves the affidavit of service for the summons with notice, the entry of a default judgment based upon said affidavit is precluded because the service "bears upon defendant's ability to appear and answer. As a result, the doctrines of waiver and cure have no application here" (*Raytsin*, 6 Misc 3d at 49). Accordingly, plaintiff's motion for default judgment in *Bloomingdale v Wise* is denied. It is noted that in each of the Bloomingdale Actions, the affidavits of service for the summonses with notice were executed outside of New York and none of the affidavits are accompanied by certificates of conformity in accordance with CPLR 2309 (c). Although dismissed on jurisdictional grounds as discussed above, each of the motions would have been independently denied pursuant to CPLR 2309 (c) for failure to include certificates of conformity with the affidavits of service.

It is also noted that plaintiff's motions do not include affidavits indicating that additional notice of the default and copies of the summonses were sent to the individual defendants in an envelope bearing the legend "personal and confidential" pursuant to CPLR 3215 (g) (3) (i). Accordingly, plaintiff's motions are also denied for failure to comply with CPLR 3215 (g) (3) (i).

## Conclusion

With the exception of *Bloomingdale v Wise*, these actions are dismissed without prejudice, sua sponte, as the summonses with notice are jurisdictionally defective pursuant to CPLR 305 (a). With respect to all of these cases, plaintiff's motions for default judgment are denied due to the lack of certificates of conformity with respect to the affidavits of service taken without the state pursuant to CPLR 2309 (c) and for failure to give additional notice as required by CPLR 3215 (g) (3) (i).