■ CHENIECHA S. FRANCIS, Appellant, v MIDTOWN EXPRESS, LLC, Respondent, et al., Defendants. [998 NYS2d 303]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered February 20, 2014, which granted defendant Midtown Express, LLC's motion to change venue to Westchester County pursuant to CPLR 510 (3), unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff's designation of Bronx County as the venue for this action was proper based on the residence of defendant Francis, whose address is set forth on the face of the summons (CPLR 503 [a]). Although the summons incorrectly states that venue is based on plaintiff's residence, which is in Westchester County, that technical mistake in complying with the requirements of CPLR 305 (a) may be disregarded since the moving defendant made no showing of prejudice (*see* CPLR 305 [c]; 2101 [f]; *Cruz v New York City Hous. Auth.*, 269 AD2d 108 [1st Dept 2000]). Nor did the moving defendant make a showing of the convenience of material witnesses that would warrant a discretionary change of venue (CPLR 510 [3]; *see e.g. Seefeldt v Incledon*, 261 AD2d 925, 926 [4th Dept 1999]). Concur—Tom, J.P., Saxe, Feinman, Clark and Kapnick, JJ.