■ In the Matter of RICHARD RONGA, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [29 NYS3d 354]—

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about August 7, 2015, which denied the CPLR article 75 petition seeking to vacate the Hearing Officer's award terminating petitioner's employment with respondent New York City Department of Education, and confirmed the award, unanimously affirmed, without costs.

After a full disciplinary hearing, the Hearing Officer found that petitioner, a probationary principal at a New York City public school, among other things, improperly directed subordinates to create fabricated teacher observation reports and professional development plans for which he himself was personally responsible, and submitted those reports and plans to the superintendent. In a prior order, this Court upheld those specifications, but dismissed two other specifications on due process grounds, vacated the penalty of termination, and remanded the matter to the Hearing Officer for reconsideration of the appropriate penalty on the remaining specifications (*see Matter of Ronga v New York City Dept. of Educ.*, 114 AD3d 527 [1st Dept 2014]). On remand, the Hearing Officer reimposed the penalty of termination.

Despite petitioner's long-standing work history and lack of prior misconduct, given the fraudulent nature of his misconduct, the fact that he coerced subordinates into being complicit in his malfeasance, and the fact that his misconduct deprived teachers of important observations and evaluations, the penalty of termination does not shock our sense of fairness (*see Matter of Montanez v Department of Educ. of the City of N.Y.*, 110 AD3d 487, 488 [1st Dept 2013]; *Matter of Chaplin v New York City Dept. of Educ.*, 48 AD3d 226, 227 [1st Dept 2008]). Concur—Mazzarelli, J.P., Acosta, Moskowitz, Gische and Webber, JJ.