Benaim v S2 Corona, LLC (2023 NY Slip Op 01274)

Benaim v S2 Corona, LLC

2023 NY Slip Op 01274

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-04853
 (Index No. 710580/19)

[*1]Raphy Benaim, et al., appellants,
v
S2 Corona, LLC, respondent.

Warshaw Burstein, LLP, New York, NY (Maxwell J. Rubin and Marc A. Lavaia of counsel), for appellants.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Bruce J. Bergman and Martin E. Balk of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered May 22, 2020. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for a preliminary injunction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2011, an action was commenced to foreclose a mortgage on certain real property located in Queens against, among others, Raphy Benaim, Tovit Benaim (hereinafter together the Benaims), and 112 Northern Development, LLC. On December 27, 2012, upon, among other things, the default of the Benaims and 112 Northern Development, LLC, in appearing or answering the complaint, a judgment of foreclosure and sale was entered in favor of Torchlight Debt Opportunity Fund III, LLC (hereinafter Torchlight).
Subsequently, the Benaims, 112 Northern Development, LLC, 112 Retail Building, LLC (hereinafter collectively the plaintiffs), and another entered into a forbearance agreement with the defendant, S2 Corona, LLC (hereinafter S2), Torchlight's servicer of the subject mortgage loan. In the forbearance agreement, the plaintiffs agreed to repay the amounts owed under the mortgage loan by June 30, 2014, partly from the proceeds of the sale of condominium units located at the property. In the event of a default under the forbearance agreement, the plaintiffs "specifically consent[ed] to S2[ ] scheduling a foreclosure sale" and agreed to "not submit any defense thereto of any nature." In or around 2019, after the plaintiffs allegedly defaulted under the forbearance agreement, S2 issued a notice of sale with respect to unsold condominium units at the property.
Thereafter, the plaintiffs commenced this action against S2, asserting causes of action to recover damages for breach of contract and seeking an accounting. The plaintiffs moved, inter alia, for a preliminary injunction enjoining S2 from conducting the foreclosure sale. The Supreme Court denied that branch of the plaintiffs' motion. The plaintiffs appeal.
To establish the right to a preliminary injunction, a movant must demonstrate (1) the [*2]likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) that the equities balance in the movant's favor (see CPLR 6301; Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d 635, 637; Braunstein v Hodges, 157 AD3d 850, 850-851). The decision whether to grant or deny a preliminary injunction rests in the sound discretion of the court hearing the motion (see Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d at 637). Absent unusual or compelling circumstances, appellate courts are reluctant to disturb that determination (see id.; see also Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d 1165, 1167).
Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs'motion which was for a preliminary injunction. The plaintiffs failed to demonstrate irreparable injury absent a preliminary injunction because, based on the injuries alleged, the plaintiffs can be adequately compensated by money damages (see Rozen v Russ & Russ, P.C., 76 AD3d 965, 969; EdCia Corp. v McCormack, 44 AD3d 991, 994).
Further, the plaintiffs failed to demonstrate a likelihood of success on the merits (see Melrose Credit Union v Itskovich, 208 AD3d 472, 473). Contrary to the plaintiffs' contention, S2's alleged failure to comply with CPLR 5019(c) does not prevent S2 from enforcing the judgment of foreclosure and sale. CPLR 5019(c) provides, in part, that "[a] person other than the party recovering a judgment who becomes entitled to enforce it, shall file in the office of the clerk of the court in which the judgment was entered . . . a copy of the instrument on which his [or her] authority is based, acknowledged in the form required to entitle a deed to be recorded." The plaintiffs contend that S2 lacked standing to enforce the judgment of foreclosure and sale because the record does not reflect that S2 filed, in proper form, an assignment of the judgment of foreclosure and sale or similar document with the County Clerk. Assuming, arguendo, that S2 failed to properly comply with the filing requirement of CPLR 5019(c), that provision is "not meant to benefit the debtor, should the assignment not be recorded" (Eckhaus v Blauner, 1997 WL 362166, *4, 1997 US Dist LEXIS 9043, *12 [SD NY, No. 94 Civ 5635 (CSH)] [internal quotation marks omitted]), but rather "is clearly intended for the benefit of the assignee, being designed to protect him [or her] against payment of the judgment to the wrong party" (Law Research Serv., Inc. v Martin Lutz Appellate Printers, Inc., 498 F2d 836, 840 [2d Cir], citing Boyd v Buffalo Steam Roller Co., 87 Misc 20, 24 [Erie County Ct], affd 167 App Div 959; see Moukengeschaie v Eltman, Eltman & Cooper, P.C., 2016 WL 1274541, *9, 2016 US Dist LEXIS 43725, *30 [ED NY, No. 14-CV-7539 (MKB)]; Musah v Houslanger & Assoc., PLLC, 2012 WL 5835293, *3, 2012 US Dist LEXIS 164292, *6 [SD NY, No. 12 CIV 3207 (RWS)]; but see Chase Bank USA, N.A. v Cardello, 27 Misc 3d 791, 792 [Civ Ct, Richmond County]). Further, pursuant to the forbearance agreement, the plaintiffs specifically consented to S2 scheduling a foreclosure sale in the event that the plaintiffs defaulted under the forbearance agreement and further agreed that, in the event of a default, they would not interpose any defenses.
The plaintiffs' remaining contention need not be reached in light of our determination.
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court