Rockefeller v Leon (2024 NY Slip Op 06370)

Rockefeller v Leon

2024 NY Slip Op 06370

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2021-04926
 (Index No. 615272/20)

[*1]Dennis Rockefeller, et al., respondents,
v
Barry J. Leon, et al., appellants, et al., defendants.

The Law Offices of Jay S. Markowitz, P.C., Williston Park, NY, for appellants.
The Scher Law Firm LLP, Carle Place, NY (Austin Graff of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Barry J. Leon, Barry J. Leon CPA, P.C., Statement Services Corp., ABL Venture Capital Group, LLC, Meadow Street Partners, LLC, and 40 HGD, L.P., appeal from an order of the Supreme Court, Nassau County (Sharon M. J. Gianelli, J.), dated July 2, 2021. The order, insofar as appealed from, granted those branches of the plaintiffs' motion which were for summary judgment on the cause of action alleging breach of contract insofar as asserted against the defendants Barry J. Leon and Barry J. Leon CPA, P.C., and for a permanent injunction enjoining the defendants Barry J. Leon, Barry J. Leon CPA, P.C., and Statement Services Corp. from transferring or otherwise disposing of funds in bank accounts held in their names or on which they are signatories and, sua sponte, awarded summary judgment to the plaintiffs, in effect, on the cause of action seeking turnover of funds held by the defendant Statement Services Corp. to the extent of determining that the plaintiffs are entitled to recover the amount of $50,000, and denied those branches of the cross-motion of the defendants Barry J. Leon, Barry J. Leon CPA, P.C., Statement Services Corp., ABL Venture Capital Group, LLC, Meadow Street Partners, LLC, and 40 HGD, L.P., which were to consolidate or to join for trial this action with certain related actions and for leave to deposit disputed sums with the Supreme Court pending the outcome of all related actions.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, awarded summary judgment to the plaintiffs, in effect, on the cause of action seeking turnover of funds held by the defendant Statement Services Corp. to the extent of determining that the plaintiffs are entitled to recover the amount of $50,000 is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the appeal by the defendants ABL Venture Capital Group, LLC, Meadow Street Partners, LLC, and 40 HGD, L.P., from so much of the order as granted those branches of the plaintiffs' motion which were for summary judgment on the cause of action alleging breach of contract insofar as asserted against the defendants Barry J. Leon and Barry J. Leon CPA, P.C., and, sua sponte, awarded summary judgment to the plaintiffs, in effect, on the cause of action [*2]seeking turnover of funds held by the defendant Statement Services Corp. to the extent of determining that the plaintiffs are entitled to recover the amount of $50,000 is dismissed, without costs or disbursements, as those defendants are not aggrieved by those portions of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 155-157); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' motion which was for a permanent injunction enjoining the defendants Barry J. Leon, Barry J. Leon CPA, P.C., and Statement Services Corp. from transferring or otherwise disposing of funds in bank accounts held in their names or on which they are signatories, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from by the defendants Barry J. Leon and Barry J. Leon CPA, P.C., and insofar as reviewed on the appeal by the defendants ABL Venture Capital Group, LLC, Meadow Street Partners, LLC, and 40 HGD, L.P., without costs or disbursements.
In August 2017, the plaintiffs entered into a settlement agreement with Barry J. Leon and Barry J. Leon CPA, P.C. (hereinafter Leon P.C.), to resolve certain litigation between those parties and related entities. The agreement settled and compromised all "claims, controversies, litigations [sic] and arbitrations currently pending or which could have been filed or asserted" between the parties on the condition that Leon and Leon P.C. pay to the plaintiffs the amount of $700,000 pursuant to a schedule that included annual payments of $50,000 for five consecutive years. On August 17, 2017, the parties executed a clarification memorandum, which provided that the phrase "[a]ll claims, controversies, litigations and arbitrations" as used in the settlement agreement did not include the plaintiffs' rights and obligations stemming from their ownership interests in certain corporate entities.
In September 2020, Leon and Leon P.C. defaulted on their annual $50,000 payment under the terms of the settlement agreement. In December 2020, the plaintiffs commenced the instant action against, among others, Leon, Leon P.C., Meadow Street Partners, LLC, and 40 HGD, L.P. (hereinafter collectively the judgment debtors), Statement Services Corp. (hereinafter SSC), and ABL Venture Capital Group, LLC (hereinafter ABL), inter alia, to recover damages for the alleged breach of the settlement agreement. The plaintiffs also sought a permanent injunction enjoining the defendants from transferring or otherwise disposing of funds in bank accounts held in their names or on which they are signatories.
The plaintiffs moved, among other things, for summary judgment on the cause of action alleging breach of contract against the judgment debtors and for a permanent injunction enjoining the defendants from transferring or otherwise disposing of funds in bank accounts held in their names or on which they are signatories. The judgment debtors, SSC, and ABL (hereinafter collectively the cross-moving defendants) cross-moved to consolidate or to join for trial this action with certain related actions and for leave to deposit disputed sums with the Supreme Court pending the outcome of all related actions.
In an order dated July 2, 2021, the Supreme Court, inter alia, (1) granted that branch of the plaintiffs' motion which was for summary judgment on the cause of action alleging breach of contract insofar as asserted against Leon and Leon P.C., (2) granted that branch of the plaintiffs' motion which was for a permanent injunction enjoining Leon, Leon P.C., and SSC from transferring or otherwise disposing of funds in bank accounts held in their names or on which they are signatories, (3) sua sponte, awarded summary judgment to the plaintiffs, in effect, on the cause of action seeking turnover of funds held by SSC to the extent of determining that the plaintiffs are entitled to recover the amount of $50,000, and (4) denied the cross-moving defendants' cross-motion. The cross-moving defendants appeal.
A plaintiff moving for summary judgment on a cause of action alleging breach of contract must demonstrate, prima facie, the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach (see Virgilio Trailer Corp. v Ferrandino & Son, Inc., 213 AD3d 970, 971; Ayers v City of Mount Vernon, 176 AD3d 766, 769). Here, the plaintiffs established, prima facie, [*3]that Leon and Leon P.C. breached the settlement agreement (see Branch Banking and Tr. Co. v Myrthil, 208 AD3d 445, 446; M & T Bank v DelVecchio, 162 AD3d 654, 654-655). As this Court determined in our decisions and orders on related appeals (see Matter of Rockefeller v Statement Servs., Corp., 204 AD3d 922, 924-925; Matter of Rockefeller v Statement Servs., Corp., 204 AD3d 920, 922), Leon, as president of SSC, had complete domination over SSC through a "reverse piercing" of the corporate veil. In opposition, the cross-moving defendants failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
"'A permanent injunction is a drastic remedy which may be granted only where the plaintiff demonstrates that it will suffer irreparable harm absent the injunction'" (Aponte v Estate of Aponte, 172 AD3d 970, 974, quoting Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 403, 408). To establish prima facie entitlement to a permanent injunction, a plaintiff must demonstrate: (a) that there was a violation of a right presently occurring, or threatened and imminent; (b) that he or she has no adequate remedy at law; (c) that serious and irreparable harm will result absent the injunction; and (d) that the equities are balanced in his or her favor (see Caruso v Bumgarner, 120 AD3d 1174, 1175; Elow v Svenningsen, 58 AD3d 674, 675). Further, irreparable injury, for the purposes of equity, means any injury for which money damages are insufficient (see Benaim v S2 Corona, LLC, 214 AD3d 760, 761; Bashian & Farber, LLP v Syms, 147 AD3d 714, 717). In contrast, where an injury can be adequately compensated by money damages, injunctive relief is inappropriate (see Benaim v S2 Corona, LLC, 214 AD3d at 761).
Here, the plaintiffs failed to allege any noneconomic damages. The plaintiffs' request for damages was solely in the form of a money judgment. Thus, the plaintiffs failed to demonstrate that they would suffer an irreparable injury absent the permanent injunction sought and were not entitled to such relief (see Berman v TRG Waterfront Lender, LLC, 181 AD3d 783).
The remaining contentions of the plaintiffs and the cross-moving defendants are either improperly raised for the first time on appeal or without merit.
IANNACCI, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court