Sobiech v Dillon (2026 NY Slip Op 00278)

Sobiech v Dillon

2026 NY Slip Op 00278

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2021-04720
 (Index No. 8345/19)

[*1]Edwin Sobiech, et al., appellants, 
vLeora Dillon, et al., respondents (and a third-party action).

Fox Rothschild LLP, New York, NY (Ernest Edward Badway, Michael Ross Lieberman, and Michael J. Mahon of counsel), for appellants.
Hinman, Howard & Kattell, LLP, Binghamton, NY (Linda B. Johnson and Ronald L. Greene of counsel), for respondents.

DECISION & ORDER
In a consolidated action, inter alia, for a judgment declaring that a certain lease is null and void and proceeding to recover possession of certain real property, the plaintiffs appeal from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated June 17, 2021. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for a preliminary injunction enjoining the defendants from removing hay from the subject property without authorization or payment, removing topsoil from the property without authorization or payment, making purchases at certain establishments on the "[p]laintiffs' account," and engaging in wasteful and excessive energy consumption.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The facts underlying this appeal are set forth in this Court's decision and order on a related appeal (see Sobiech v Dillon, _____ AD3d _____ [Appellate Division Docket No. 2021-00711; decided herewith]). The plaintiffs moved for a preliminary injunction enjoining the defendants from engaging in various conduct relating to certain real property located in Warwick (hereinafter the subject property). In an order dated June 17, 2021, the Supreme Court, inter alia, denied those branches of the plaintiffs' motion which were for a preliminary injunction enjoining the defendants from removing hay from the subject property without authorization or payment, removing topsoil from the subject property without authorization or payment, making purchases at certain establishments on the "[p]laintiffs' account," and engaging in wasteful and excessive energy consumption. The plaintiffs appeal.
"To establish the right to a preliminary injunction, a movant must demonstrate (1) the likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) that the equities balance in the movant's favor" (Benaim v S2 Corona, LLC, 214 AD3d 760, 761; see CPLR 6301; Braunstein v Hodges, 157 AD3d 850). "The decision whether to grant or deny a preliminary injunction rests in the sound discretion of the court hearing the motion" (Benaim v S2 Corona, LLC, 214 AD3d at 761; see Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d 635, 637). "Absent unusual or compelling circumstances, appellate courts are reluctant to disturb that determination" (Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 [*2]AD3d at 637; see Cushing v Sanford Equities Corp., 223 AD3d 870, 871).
Here, the Supreme Court providently exercised its discretion in denying those branches of the plaintiffs' motion which were for a preliminary injunction enjoining the defendants from removing hay from the subject property without authorization or payment, removing topsoil from the subject property without authorization or payment, making purchases at certain establishments on the plaintiffs' account, and engaging in wasteful and excessive energy consumption. The plaintiffs failed to demonstrate a likelihood of success, irreparable injury absent the grant of the preliminary injunction, or that the equities balanced in their favor (see Benaim v S2 Corona, LLC, 214 AD3d at 761; Braunstein v Hodges, 157 AD3d 850).
DILLON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court