■ Timur on 5th Avenue Inc., Respondent-Appellant, v Record Explosion, Inc., Appellant-Respondent. [735 NYS2d 525] —Order, Supreme Court, New York County (Herman Cahn, J.), entered January 17, 2001, which, inter alia, denied defendant's cross motion for summary judgment and granted plaintiff leave to amend its complaint to allege a cause of action for use and occupancy, unanimously modified, on the law and the facts, to vacate that portion of the order which granted plaintiff leave to amend the second cause of action to assert a claim for use and occupancy, and in lieu thereof to grant plaintiff leave to amend the complaint to assert a claim for rent pursuant to paragraph 11 of the primary lease, and otherwise affirmed, without costs.

Although defendant subtenant contends that plaintiff landlord is not in contractual privity with it and, consequently has no cause of action against it, our reading of the governing lease and sublease indicates the contrary. Paragraph 11 of the

primary lease provides in relevant part: "[i]f this lease be assigned, or if the demised premises or any part thereof be underlet or occupied by anybody other than Tenant, Owner may, after default by Tenant, collect rent from the assignee, under-tenant or occupant, and apply the net amount collected to the rent herein reserved." Paragraph 11 of the sublease specifically provides that the provisions of the lease are part of the sublease and that all the provisions of the lease are binding upon the subtenant. Thus, since the sublease expressly incorporates the terms of the lease, which permits the landlord to collect rent directly from the subtenant after the tenant's default, and the tenant has, in fact, defaulted, plaintiff is entitled to collect rent due directly from defendant subtenant. Inasmuch as plaintiff may, subject to any defenses defendant subtenant may have (e.g., payment or constructive eviction), recover rent from defendant subtenant pursuant to the terms of the lease and sublease, its assertion of a claim against said subtenant in quantum meruit for use and occupancy would not be appropriate (*see, Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388-389). Concur—Nardelli, J.P., Williams, Andrias, Saxe and Friedman, JJ.