Mezzacappa v Palladino (2020 NY Slip Op 00853)





Mezzacappa v Palladino


2020 NY Slip Op 00853


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOHN M. LEVENTHAL
JOSEPH J. MALTESE, JJ.


2018-12570
 (Index No. 100277/14)

[*1]Nicola Mezzacappa, et al., appellants,
v
Mauro Palladino, et al., respondents.


Mark A. Macron, Staten Island, NY (John J. Macron of counsel), for appellants.
Gaines & Fishler, LLP, Staten Island, NY (Robert M. Fishler of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for injunctive relief and to recover damages for trespass and nuisance, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated July 24, 2018. The order, insofar as appealed from, after a hearing, granted that branch of the defendants' motion which was pursuant to Judiciary Law § 753(A)(3) to hold the plaintiffs in civil contempt of a so-ordered stipulation of settlement dated December 7, 2011, and a previous order of the same court dated June 6, 2017, to the extent of directing the plaintiffs to pay to the defendants the sum of $250 plus the costs of the contempt motion, including attorneys' fees, with leave to purge if the plaintiffs complied with the provisions of the so-ordered stipulation of settlement and the order dated June 6, 2017, requiring that the plaintiffs provide the defendants' agents and/or representatives with access to their property for the purpose of performing certain construction work on the defendants' property in accordance with the so-ordered stipulation of settlement.
ORDERED that the order dated July 24, 2018, is affirmed insofar as appealed from, with costs.
The parties are next-door neighbors. In 2005, the defendants performed construction work on a pool, a fence, and a retaining wall on their property, without approvals from the New York City Department of Buildings (hereinafter the DOB). The construction allegedly caused storm water from the defendants' property to flood the plaintiffs' property, resulting in damage. In 2008, the plaintiffs commenced an action against the defendants, inter alia, to recover damages for injury to their property, which action was resolved by a so-ordered stipulation of settlement dated December 7, 2011 (hereinafter the 2011 stipulation). The 2011 stipulation provided, among other things, that the defendants would submit amended architectural/engineering plans to the DOB within four to six months of the date of the stipulation, and would complete the contemplated remedial work within four to six months of the receipt of approvals from the DOB. The plaintiffs agreed "to provide reasonable access [to their property] for machinery if needed to perform [the] work."
When the work contemplated in the 2011 stipulation did not move forward, the plaintiffs commenced the instant action against, among others, the defendants and moved, inter alia, [*2]to hold the defendants in civil contempt. Following a hearing on the contempt motion, the Supreme Court issued an order in 2016 denying the plaintiffs' motion. The court determined that the defendants had made every effort to comply with the 2011 stipulation and to correct the problem on their premises, but the defendants had been thwarted in their attempts by, among other things, the plaintiffs' filing of some 32 complaints with the DOB regarding the defendants' premises. The plaintiffs did not appeal from this order.
Thereafter, the Supreme Court held a compliance conference. The plaintiffs were provided with notice of the conference, and the plaintiff Nicola Mezzacappa attended. At the conclusion of the conference, the court issued an order dated June 6, 2017 (hereinafter the 2017 order), directing that within six weeks of the order, the plaintiffs were to comply with the 2011 stipulation by providing reasonable access to their property for any machinery needed to perform the remedial work on the defendants' premises. The plaintiffs were provided with a copy of the 2017 order, but subsequently refused the defendants' contractor access to their property.
On August 10, 2017, the defendants moved, inter alia, to hold the plaintiffs in contempt for their failure to comply with the 2011 stipulation and the 2017 order. The plaintiffs opposed the motion, and a hearing was held on the motion. At the hearing, the plaintiff Nicola Mezzacappa took the position that the 2011 stipulation required the defendants to correct the problems on their premises within four to six months, and since that deadline had not been met, the plaintiffs had no further obligation to permit the defendants' contractors onto their property in order to remedy the condition. He further testified that he would not permit anyone to enter the plaintiffs' property on behalf of the defendants to perform remedial construction in accordance with the plans approved by the DOB unless the plaintiffs were paid an unspecified sum of money for the property damage and personal inconvenience they had allegedly suffered.
In an order dated July 24, 2018, the Supreme Court granted the defendants' motion to the extent of determining that the plaintiffs were in contempt of the so-ordered 2011 stipulation and the 2017 order, both of which obligated the plaintiffs to provide access to their property so that corrective measures approved by the DOB could be taken. The court imposed a $250 fine plus the defendants' costs, including attorneys' fees, in bringing the contempt motion, and directed that the contempt could be purged if the plaintiffs agreed to allow the defendants' workers to access their property to perform the necessary work. The plaintiffs appeal, and we affirm.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court. To prevail on a motion to hold a party in civil contempt pursuant to Judiciary Law § 753(A)(3), the movant must establish by clear and convincing evidence (1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order, and (4) prejudice to the right of a party to the litigation . . . . Once the movant makes the required showing, the burden shifts to the alleged contemnor to refute that showing, or to offer . . . a defense such as an inability to comply with the order" (Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964 [citations omitted]; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Wolfe v Wolfe, 71 AD3d 878; Chambers v Old Stone Hill Rd. Assoc., 66 AD3d 944, 946; Vujovic v Vujovic, 16 AD3d 490, 491).
Here, the defendants met their burden of establishing that the plaintiffs were aware of and violated a clear and unequivocal mandate of the Supreme Court, as set forth in the 2011 stipulation and the 2017 order, by refusing to permit the defendants' contractors access to the plaintiffs' property so that the offending conditions on the defendants' premises, about which the plaintiffs repeatedly complained, could be corrected. The defendants further demonstrated that they were prejudiced by the plaintiffs' noncompliance with the court's directive. The plaintiffs failed to refute this showing or to proffer a valid defense for their noncompliance. In this regard, their contention that they were excused from complying with the stipulation because the defendants encountered delays in obtaining permits for the work is unpersuasive, given the court's unappealed determination that the plaintiffs' repeated complaints to the DOB were partly responsible for those delays. Similarly, the plaintiffs' assertion that the court impermissibly modified the terms of the [*3]2011 stipulation in its 2017 order is without merit. Accordingly, we agree with the court's determination granting that branch of the defendants' motion which was to hold the plaintiffs in civil contempt (see El-Dehdan v El-Dehdan, 26 NY3d at 29-31; Kudla v Kudla, 173 AD3d 1149, 1151-1152; Matter of Guy v Weichel, 173 AD3d 1027, 1028; Matter of Mendoza-Pautrat v Razdan, 160 AD3d at 965).
SCHEINKMAN, P.J., MASTRO, LEVENTHAL and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court