Toranzo v Toranzo (2020 NY Slip Op 03685)





Toranzo v Toranzo


2020 NY Slip Op 03685


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2019-03716
 (Index No. 8526/16)

[*1]William Toranzo, appellant,
v
Donna Toranzo, respondent.


Scott J. Gilmore, Massapequa Park, NY, for appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Glenn A. Murphy, J.), dated February 25, 2019. The order, insofar as appealed from, without a hearing, granted that branch of the defendant's motion which was to hold the plaintiff in civil contempt for violating certain provisions of a so-ordered stipulation of settlement dated July 20, 2018, and a pendente lite order dated September 5, 2017, and denied that branch of the plaintiff's cross motion which was to hold the defendant in civil contempt for violating certain provisions of the so-ordered stipulation of settlement.
ORDERED that the order dated February 25, 2019, is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to hold the plaintiff in civil contempt for violating certain provisions of the so-ordered stipulation of settlement dated July 20, 2018, and the pendente lite order dated September 5, 2017; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith, and thereafter, a new determination of that branch of the defendant's motion.
The parties were married in 1994 and have four children. Following the commencement of this action for a divorce and ancillary relief, the Supreme Court issued a pendente lite order dated September 5, 2017, which, among other things, awarded the defendant $2,500 in interim counsel fees. The parties subsequently entered into a stipulation of settlement, which was so-ordered by the court on July 20, 2018 (hereinafter the stipulation). Shortly thereafter, the defendant moved, inter alia, to hold the plaintiff in civil contempt for violating the so-ordered stipulation and the pendente lite order. The defendant alleged that the plaintiff failed to comply with those provisions in the so-ordered stipulation obligating him to pay her the sum of $40,000 from the proceeds of a joint E*Trade account, to provide her with "clean title, free of liens," to a Subaru Forester automobile, to pay the monthly rent of the couple's daughter who was attending college, and to pay her attorney's fees in the amount of $2,500. In addition, the defendant alleged that the plaintiff disobeyed the pendente lite order by failing to pay the interim counsel fees award of $2,500. The plaintiff opposed the motion and cross-moved, inter alia, to hold the defendant in civil contempt for violating certain provisions of the so-ordered stipulation. The defendant opposed the cross motion. By order dated February 25, 2019, the Supreme Court, inter alia, without a hearing, granted that branch of the defendant's motion which was to hold the plaintiff in civil contempt, and denied the plaintiff's cross motion. The plaintiff appeals.
A motion to punish a party for civil contempt is addressed to the sound discretion of [*2]the court (see Cover v Cover, 173 AD3d 970, 971). In order to establish civil contempt, the following elements must be established: "First, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. Second, it must appear, with reasonable certainty, that the order has been disobeyed. Third, the party to be held in contempt must have had knowledge of the court's order . . . . Fourth, prejudice to the right of a party to the litigation must be demonstrated" (El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [internal quotation marks omitted], affg 114 AD3d 4; see Rhodes v Rhodes, 169 AD3d 841, 843). "The burden of proof is on the proponent of the contempt motion, and the contempt must be established by clear and convincing evidence" (Massimi v Massimi, 56 AD3d 624, 624; see Bennet v Liberty Lines Tr., Inc., 106 AD3d 1038, 1040). "Once the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order" (El-Dehdan v El-Dehdan, 114 AD3d at 17). A hearing is required if the papers in opposition raise a factual dispute as to the elements of civil contempt, or the existence of a defense (see Lundgren v Lundgren, 127 AD3d 938, 941; El-Dehdan v El-Dehdan, 114 AD3d at 17).
Here, the defendant's motion papers demonstrated that the plaintiff failed to comply with a clear and unequivocal mandate. However, the plaintiff's papers in opposition raised a factual dispute as to the existence of a defense, which had to be resolved at a hearing (see Lundgren v Lundgren, 127 AD3d at 941).
The plaintiff's remaining contentions are without merit.
Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing and thereafter a new determination of that branch of the defendant's motion which was to hold the plaintiff in civil contempt.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court