Rozenberg v Perlstein (2021 NY Slip Op 07017)





Rozenberg v Perlstein


2021 NY Slip Op 07017


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-12931 
2017-12933
2017-12934
2018-07605
 (Index No. 520112/16)

[*1]Hady Rozenberg, respondent,
v
Isaac Perlstein, etc., et al., appellants, et al., defendant.


Jeremy Rosenberg, Chestnut Ridge, NY, for appellants.
Michael N. Marks, New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for the partition and sale of real property, the defendants Isaac Perlstein, Eva Perlstein, Martin Rozenberg, and Raizel Rosenberg appeal from (1) an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated October 2, 2017, (2) an order of the same court also dated October 2, 2017, (3) an order of the same court also dated October 2, 2017, and (4) an order of the same court dated April 25, 2018. The first order dated October 2, 2017, granted the plaintiff's motion, inter alia, to hold the defendant Isaac Perlstein in contempt for violating an order of the same court dated March 1, 2017, and for an award of attorneys' fees. The second order dated October 2, 2017, granted the plaintiff's motion, inter alia, to appoint a temporary receiver for the subject property and denied the motion of the defendants Isaac Perlstein, Eva Perlstein, Martin Rozenberg, and Raizel Rosenberg pursuant to CPLR 3211(a) to dismiss the first through fourth and seventh causes of action. The third order dated October 2, 2017, in effect, granted the plaintiff's motion, inter alia, to appoint a temporary receiver for the subject property and appointed a temporary receiver for the subject property. The order dated April 25, 2018, insofar as appealed from, upon reargument, adhered to the original determination in the first order dated October 2, 2017, so much of the original determination in the second order dated October 2, 2017, as granted the plaintiff's motion, inter alia, to appoint a temporary receiver for the subject property, and the original determination in the third order dated October 2, 2017, and granted the plaintiff's motion for leave to enter a money judgment against the defendant Isaac Perlstein in the sum of $7,149.32 for attorneys' fees.
ORDERED that the appeals from the first order dated October 2, 2017, so much of the second order dated October 2, 2017, as granted the plaintiff's motion, inter alia, to appoint a temporary receiver for the subject property, and the third order dated October 2, 2017, are dismissed, as the first order, that portion of the second order, and the third order were superseded by so much of the order dated April 25, 2018, as was made upon reargument; and it is further,
ORDERED that the second order dated October 2, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated April 25, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action, inter alia, for the partition and sale of certain real property that she allegedly owns as a tenant in common with the defendant Eva Perlstein. Eva and the defendants Isaac Perlstein, Martin Rozenberg, and Raizel Rosenberg (hereinafter collectively the defendants) moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the first through fourth and seventh causes of action. The plaintiff moved, inter alia, to appoint a temporary receiver for the property.
While those motions were pending, the Supreme Court, in an order dated March 1, 2017, directed the defendants (1) to desist from signing the plaintiff's name to endorse checks or for other purposes, (2) to deposit all revenues from the property into an existing joint account at Astoria Bank (hereinafter the Astoria account), and (3) to withdraw funds from the Astoria account only with the consent of both the plaintiff and Isaac. The plaintiff thereafter moved, inter alia, to hold Isaac in contempt based on his violation of the order dated March 1, 2017. While that motion was pending, the court issued orders dated June 30 and July 12, 2017, inter alia, directing the defendants' compliance with the directives in the order dated March 1, 2017, and the production of records.
The Supreme Court determined the pending motions in three orders, all dated October 2, 2017. The first order granted the plaintiff's motion, inter alia, to hold Isaac in contempt. The second order granted the plaintiff's motion, inter alia, to appoint a temporary receiver for the property and denied the defendants' motion to dismiss the first through fourth and seventh causes of action. The third order, in effect, granted the plaintiff's motion, inter alia, to appoint a temporary receiver for the property and appointed a temporary receiver for the property.
Based upon the contempt order, the plaintiff moved for leave to enter a money judgment against Isaac in the sum of $7,149.32 for attorneys' fees. The defendants moved for leave to reargue their opposition to the plaintiff's motion, inter alia, to appoint a temporary receiver and separately moved for leave to renew or reargue their opposition to the plaintiff's motion, inter alia, to hold Isaac in contempt. In an order dated April 25, 2018, the Supreme Court granted both motions for leave to reargue and, upon reargument, adhered to its prior determinations. The court also granted the plaintiff's motion for leave to enter a money judgment against Isaac in the sum of $7,149.32. The defendants appeal from the three orders dated October 2, 2017, and the order dated April 25, 2018.
"A court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced" (Judiciary Law § 753[A]). A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court (see Toranzo v Toranzo, 185 AD3d 621, 623; Mezzacappa v Palladino, 180 AD3d 664, 666). To support a finding of contempt, "[f]irst, 'it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect.' Second, '[i]t must appear, with reasonable certainty, that the order has been disobeyed.' Third, 'the party to be held in contempt must have had knowledge of the court's order, although it is not necessary that the order actually have been served upon the party.' Fourth, 'prejudice to the right of a party to the litigation must be demonstrated'" (El-Dehdan v El-Dehdan, 26 NY3d 19, 29, quoting Matter of McCormick v Axelrod, 59 NY2d 574, 583; see Aristy-Farer v State of New York, 29 NY3d 501, 514; McCain v Dinkins, 84 NY2d 216, 226). "'The burden of proof is on the proponent of the contempt motion, and the contempt must be established by clear and convincing evidence'" (Toranzo v Toranzo, 185 AD3d at 623, quoting Massimi v Massimi, 56 AD3d 624, 624). Where the movant makes that showing, "'the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order'" (Toranzo v Toranzo, 185 AD3d at 623, quoting El-Dehdan v El-Dehdan, 114 AD3d 4, 17, affd 26 NY3d 19; see [*2]Mezzacappa v Palladino, 180 AD3d at 666).
Here, in the order dated March 1, 2017, the Supreme Court directed the defendants, among other things, to deposit all revenues from the property into the Astoria account and to withdraw funds from that account only with the consent of both the plaintiff and Isaac. In response to the plaintiff's repeated protests that Isaac was not depositing revenues into the Astoria account, Isaac's attorney responded that Isaac was depositing revenues into an account at a different bank that provided "benefits" that were not available with the Astoria account. In the order dated June 30, 2017, the court directed the defendants to produce, within 30 days, all records relating to the property. In the order dated July 12, 2017, the court directed Isaac or anyone acting on his behalf to deposit all revenues from the property from March 1, 2017, through July 2017 into the Astoria account on or before July 17, 2017, unless the revenues had already been deposited in that account, and to notify the plaintiff's counsel of the same. In response to the June 30 and July 12, 2017 orders, the defendants produced only a single lease and deposited only $2,650 of the $6,249.38 that was required to be deposited into the Astoria account.
The defendants' unsupported claim that the funds deposited in Isaac's other account were used to pay the expenses of the property did not excuse the violation of the Supreme Court's unequivocal mandate directing that all revenues be deposited in the Astoria account and that withdrawals be made only with the consent of the plaintiff and Isaac. Similarly, the defendants' belated compliance with the directive in the order dated March 1, 2017, by depositing revenues into the Astoria account beginning in July 2017 did not excuse the failure to comply from March through June 2017. Moreover, contrary to the defendants' arguments, the court's directive that "all checks for rent/use & occupancy for the subject House shall be deposited into the long standing joint House account (not new account)" was not ambiguous as to whether their conduct was permissible. The order dated July 12, 2017, was similarly unequivocal. In addition, the defendants' production of a single lease plainly failed to comply with the order dated June 30, 2017, which directed them to produce "all rent lists, orders, unexpired and expired leases, agreements, correspondence, notices and registration statements relating to rental space or facilities in the premises."
Contrary to the defendants' contention, there was adequate evidence to demonstrate that the plaintiff was prejudiced by their actions. The defendants' vague and conclusory assertion that the revenues received were all expended in the upkeep of the property and the payment of its expenses was insufficient to refute the plaintiff's showing that revenues were withheld and secreted from her and that she was not permitted to participate in decisions regarding the expenditure of those revenues. Because the record amply supports the Supreme Court's finding that the defendants "completely disregarded" its orders, the court, upon reargument, properly adhered to its determination holding Isaac in contempt. For the same reasons, the court properly granted the plaintiff's motion for leave to enter a money judgment awarding her attorneys' fees as a sanction for Isaac's contempt.
CPLR 6401(a) permits the court, upon a motion by a person with an "apparent interest" in property, to appoint a temporary receiver of that property where "there is danger" that it will be "lost, materially injured or destroyed." Nevertheless, "the appointment of a temporary receiver 'is an extreme remedy resulting in the taking and withholding of possession of property from a party without an adjudication on the merits'" (Manning-Kranes v Manning-Franzman, 175 AD3d 1403, 1403, quoting Schachner v Sikowitz, 94 AD2d 709, 709; see Vardaris Tech, Inc. v Paleros Inc., 49 AD3d 631, 632). Accordingly, "[a] party moving for the appointment of a temporary receiver must submit 'clear and convincing evidence of irreparable loss or waste to the subject property and that a temporary receiver is needed to protect [that party's] interests'" (Board of Mgrs. of Nob Hill Condominium Section II v Board of Mgrs. of Nob Hill Condominium Section I, 100 AD3d 673, 673, quoting Natoli v Milazzo, 65 AD3d 1309, 1310; see Suissa v Baron, 107 AD3d 689). Here, the appointment of a temporary receiver was warranted, not least because of the defendants' demonstrated willingness to defy the Supreme Court's orders and obscure evidence germane to the determination of the plaintiff's rights in the property (see Johnson v Smith, 297 NY 165, 172; Suissa v Baron, 107 AD3d at 689; Gimbel v Reibman, 78 AD2d 897).
"A tenant in common has the right to take and occupy the whole of the premises and preserve them from waste or injury, so long as he or she does not interfere with the right of [the other tenant] to also occupy the premises" (Perretta v Perretta, 143 AD3d 878, 880 [internal quotation marks omitted]; see Butler v Rafferty, 100 NY2d 265, 269; Jemzura v Jemzura, 36 NY2d 496, 503; Klein v Dooley, 120 AD3d 1306, 1307). Thus, the defendants are correct that they are entitled to possess the entire property, but the record supports the plaintiff's allegation that they have done so by excluding her from the property. Since the defendants have "expressly communicate[d] an intention to exclude or to deny the rights of [the plaintiff]," the complaint adequately states a cause of action for ouster (Myers v Bartholomew, 91 NY2d 630, 633). Accordingly, the Supreme Court correctly determined that the first through fourth causes of action stated viable causes of action for declaratory relief, injunctive relief, and money damages.
An accounting is an equitable remedy (see Bonanni v Horizons Invs. Corp., 179 AD3d 995, 997) that a party may seek only where he or she can establish "the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest" (Gorunkati v Baker Sanders, LLC, 179 AD3d 904, 905-906 [internal quotation marks omitted]; see Pacella v RSA Consultants, Inc., 164 AD3d 806, 808). "'To obtain an accounting, a plaintiff must show that there was some wrongdoing on the part of a defendant with respect to the fiduciary relationship' concerning property in which the plaintiff has an interest" (Pacella v RSA Consultants, Inc., 164 AD3d at 808, quoting Benedict v Whitman Breed Abbott & Morgan, 110 AD3d 935, 938; see Lawrence v Kennedy, 95 AD3d 955, 958). To state a viable cause of action for an accounting, the plaintiff must also allege that he or she demanded an accounting that the defendant refused to provide (see Mawere v Landau, 130 AD3d 986, 990; Walsh v Wwebnet, Inc., 116 AD3d 845, 848).
Since tenants in common have a quasi-trust or fiduciary relation with regard to the property they commonly hold, the allegations in the complaint satisfy the element of wrongdoing on the part of a defendant with a fiduciary duty (see Pichler v Jackson, 157 AD3d 450, 450-451; see also Wawrzusin v Wawrzusin, 212 AD2d 779, 779-780). Similarly, the record supports the plaintiff's allegation that she demanded records that the defendants refused to provide and, as discussed above, that refusal has continued during this litigation. Thus, the Supreme Court correctly determined that the seventh cause of action, seeking an accounting, stated a viable cause of action.
Accordingly, the Supreme Court properly denied the defendants' motion to dismiss the first through fourth and seventh causes of action.
CHAMBERS, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court