Bambrick v City of New York (2022 NY Slip Op 04617)

Bambrick v City of New York

2022 NY Slip Op 04617

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-04648 
2020-07690
 (Index No. 708479/16)

[*1]Patrick Bambrick, appellant, 
v
City of New York, et al., respondents.

Arkady Frekhtman, Brooklyn, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack and Eva L. Jerome of counsel), for respondent City of New York.
Eric D. Feldman, Melville, NY (Scott W. Driver of counsel), for respondents Frances Vella and Damiano Vella.
Jacobson & Schwartz, LLP, Jericho, NY (Brian Marcus and Henry J. Cernitz of counsel), for respondent Rachilla Ardeljan.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), dated May 5, 2020, and (2) an order of the same court dated September 16, 2020. The order dated May 5, 2020, denied the plaintiff's motion pursuant to CPLR 5015(a) to vacate an order of the same court (Jeremy S. Weinstein, J.) dated November 19, 2018, directing dismissal of the action for failure to appear at a trial conference, and, in effect, to restore the action to the trial calendar. The order dated September 16, 2020, denied the plaintiff's second motion pursuant to CPLR 5015(a) to vacate the order dated November 19, 2018, and, in effect, to restore the action to the trial calendar.
ORDERED that the orders dated May 5, 2020, and September 16, 2020, are affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.
On July 20, 2016, the plaintiff commenced this action against the City of New York, Frances Vella, and Damiano Vella to recover damages for personal injuries he allegedly sustained when he tripped and fell due to the defective, dangerous condition of the sidewalk abutting certain premises in Queens. In January 2018, the plaintiff amended his complaint to add Rachilla Ardeljan as a defendant.
On November 19, 2018, the plaintiff failed to appear for a scheduled trial conference, and the Supreme Court issued an order directing dismissal of the action (hereinafter the order of dismissal).
By notice of motion dated September 20, 2019, the plaintiff moved pursuant to CPLR 5015(a) to vacate the order of dismissal, and, in effect, to restore the matter to the trial calendar [*2](hereinafter the 2019 motion). In support of his motion, the plaintiff submitted the pleadings, an affirmation by his counsel, and an affidavit of merit sworn to by the plaintiff. By order dated May 5, 2020, the Supreme Court denied the plaintiff's motion, finding, inter alia, that the plaintiff failed to proffer a reasonable excuse for his failure to appear, as his excuse of law office failure was vague and unsubstantiated, and that the plaintiff failed to establish a potentially meritorious cause of action, as the plaintiff's affidavit was vague and unsupported by facts.
By order to show cause dated July 10, 2020, the plaintiff again moved pursuant to CPLR 5015(a) to vacate the order of dismissal and, in effect, to restore the matter to the trial calendar (hereinafter the 2020 motion). In support of this motion, the plaintiff submitted additional documents that he had not provided with the prior motion, including, inter alia, a new affidavit of merit sworn to by the plaintiff, an affidavit by the office manager of the plaintiff's counsel's law firm who asserted she was responsible for the firm's calendar, as well as photographs and medical records depicting the alleged defective sidewalk and the plaintiff's injuries. In an order dated September 16, 2020, the Supreme Court denied the motion, finding that it was untimely, as more than one year had passed since the plaintiff's default in appearing.
The plaintiff appeals from the orders dated May 5, 2020, and September 16, 2020.
The Supreme Court providently exercised its discretion in denying the 2019 motion to vacate the order of dismissal. "In order to vacate a default in appearing at a scheduled court conference, a plaintiff must demonstrate both a reasonable excuse and a potentially meritorious cause of action" (Option One Mtge. Corp v Rose, 164 AD3d 1251, 1252; see CPLR 5015[a][1]; Stein v Doukas, 157 AD3d 743, 744). "The determination of whether an excuse is reasonable lies within the sound discretion of the Supreme Court" (Option One Mtge. Corp. v Rose, 164 AD3d at 1252; see Mtage Cust for Mtag Caz Cr. NY, LLC v County of Nassau, 191 AD3d 662, 663-664). "The court has discretion to accept law office failure as a reasonable excuse [for a party's default] (see CPLR 2005) where the claim is supported by a detailed and credible explanation of the default" (Campbell v TPK Heating, Ltd., 181 AD3d 642, 642 [internal quotation marks omitted]). A claim of law office failure should be rejected where it is "conclusory and unsubstantiated or lacking in credibility" (id. at 643). "[M]ere neglect is not a reasonable excuse" (Hudson City Sav. Bank v Augustin, 191 AD3d 774, 775 [internal quotation marks omitted]).
Here, the plaintiff failed to provide a reasonable excuse for his default, as his vague and unsubstantiated proffered excuse of law office failure was not supported by a detailed and credible explanation of the default (see Campbell v TPK Heating, Ltd., 181 AD3d at 642-643; Option One Mtge. Corp. v Rose, 164 AD3d at 1251). As the plaintiff failed to proffer a reasonable excuse for his default, this Court need not consider whether he demonstrated the existence of a potentially meritorious cause of action (see Stein v Doukas, 157 AD3d at 744; Wright v City of Poughkeepsie, 136 AD3d 809, 809).
The Supreme Court properly denied the 2020 motion as untimely. A motion to vacate an order on the ground of excusable default must be made within one year of service of notice of entry of the order (see CPLR 5015[a][1]; Wold v City of New York, 85 AD3d 776, 777). Here, the plaintiff was served on February 1, 2019, with notice of entry of the order of dismissal, but he did not move to vacate until more than one year later, on July 10, 2020.
Accordingly, the Supreme Court properly denied the plaintiff's motions to vacate the order of dismissal and, in effect, to restore the action to the trial calendar.
CONNOLLY, J.P., CHRISTOPHER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court