American Cancer Socy., Inc. v Ashby (2024 NY Slip Op 03398)

American Cancer Socy., Inc. v Ashby

2024 NY Slip Op 03398

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-03600
 (Index No. 516879/18)

[*1]American Cancer Society, Inc., appellant,
v
Tricien Ashby, respondent, et al., defendant.

Paul S. Forster (Bashian P.C., White Plains, NY [Andrew Frisenda and Gary E. Bashian], of counsel), for appellant.
Alter & Barbaro, Brooklyn, NY (Bernard M. Alter of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for ejectment, the plaintiff appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated March 7, 2022. The order, insofar as appealed from, granted those branches of the motion of the defendant Tricien Ashby which were (1) pursuant to CPLR 5015(a)(1) to vacate so much of an order of the same court (Richard J. Montelione, J.) entered November 12, 2020, as granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against that defendant and (2) for leave to serve a late answer, and denied that branch of the plaintiff's cross-motion which was to appoint a temporary receiver.
ORDERED that the order dated March 7, 2022, is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting those branches of the motion of the defendant Tricien Ashby which were (1) pursuant to CPLR 5015(a)(1) to vacate so much of the order entered November 12, 2020, as granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against that defendant and (2) for leave to serve a late answer, and substituting therefor a provision denying those branches of the motion; as so modified, the order dated March 7, 2022, is affirmed insofar as appealed from, with costs to the plaintiff.
In 2004, the defendant Tricien Ashby (hereinafter the defendant) acquired title to certain real property in Brooklyn as life tenant, pursuant to the will of Jocelyn Ashby Escobar. In August 2018, the plaintiff, who was a remainder beneficiary as to that property, commenced this action against the defendant, among others, seeking, inter alia, ejectment and possession of the property. The defendant was personally served with the summons and complaint on November 1, 2018, but failed to appear or answer. In an order entered November 12, 2020, the Supreme Court, among other things, granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against the defendant and directed the plaintiff to settle an order and judgment on notice. The plaintiff duly settled an order and judgment, noticed for December 24, 2020.
The defendant moved, inter alia, (1) pursuant to CPLR 5015(a)(1) to vacate so much of the order entered November 12, 2020, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against him and (2) for leave to serve a late answer. The [*2]plaintiff cross-moved, among other things, to appoint a temporary receiver of the property. In an order dated March 7, 2022, the Supreme Court granted those branches of the defendant's motion, deemed the defendant's proposed answer served and filed nunc pro tunc, and denied that branch of the plaintiff's cross-motion. The plaintiff appeals.
"A defendant seeking to vacate a default in answering or appearing pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (U.S. Bank Trust, N.A. v Gomez, 205 AD3d 839, 840; see Beltran v New York City Hous. Auth., 206 AD3d 873, 875). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the [Supreme] [C]ourt" (Byung Ha Lee v Mascarenas, 219 AD3d 928, 929 [internal quotation marks omitted]). "'In determining whether a reasonable excuse has been shown, a court should consider all the relevant factors, including the extent of the delay, prejudice to the opposing party, whether the default was willful, and the strong public policy in favor of resolving cases on the merits'" (Matter of Brennan v County of Rockland, 205 AD3d 911, 912, quoting Matter of A & F Scaccia Realty Corp. v New York City Dept. of Envtl. Protection, 200 AD3d 875, 878).
Here, the defendant's excuse that he believed that the attorney representing him in separate litigation was addressing this action was unreasonable (see Uceta v Sherwood, LLC, 189 AD3d 1114, 1115; Glanz v Parkway Kosher Caterers, 176 AD3d 686, 688; Spitzer v Landau, 104 AD3d 936, 937). "'[M]ere neglect is not a reasonable excuse'" (Kyung Aye Yoon v Haktung Lam, 222 AD3d 959, 960, quoting Melamed v Adams & Co. Real Estate, LLC, 208 AD3d 867, 869). Likewise, his conclusory and unsubstantiated claim that he was hampered by the restrictions imposed in response to the COVID-19 pandemic does not amount to a reasonable excuse (see Bambrick v City of New York, 207 AD3d 610, 612; Nanas v Govas, 176 AD3d 956, 957).
Because the defendant failed to proffer a reasonable excuse, it is unnecessary to determine whether he demonstrated the existence of a potentially meritorious defense (see Matter of Owens v Integon Natl. Ins. Co., 219 AD3d 1523, 1524; Lancer Ins. Co. v Fishkin, 211 AD3d 719, 721). Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were (1) pursuant to CPLR 5015(a)(1) to vacate so much of the order entered November 12, 2020, as granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against him and (2) for leave to serve a late answer.
"CPLR 6401(a) permits the court, upon a motion by a person with an 'apparent interest' in property, to appoint a temporary receiver of that property where 'there is danger' that it will be 'lost, materially injured or destroyed'" (Rozenberg v Perlstein, 200 AD3d 915, 920). The appointment of a temporary receiver "'is an extreme remedy resulting in the taking and withholding of possession of property from a party without an adjudication on the merits'" (id., quoting Manning-Kranes v Manning-Franzman, 175 AD3d 1403, 1403 [internal quotation marks omitted]; see Schachner v Sikowitz, 94 AD2d 709, 709). A motion seeking such an appointment should be granted only where the moving party has made a "'clear and convincing'" evidentiary showing of "'irreparable loss or waste to the subject property and that a temporary receiver is needed to protect their interests'" (Cyngiel v Krigsman, 192 AD3d 760, 762, quoting Magee v Magee, 120 AD3d 637, 638).
Here, the plaintiff failed to make the requisite showing. In particular, the plaintiff failed to provide any evidentiary support for its allegations that the defendant is an absentee landlord, collecting rent but not paying real estate taxes, water bills, or sewer bills. Therefore, the plaintiff failed to demonstrate by clear and convincing evidence that there was a danger of irreparable loss or material injury to the property warranting the appointment of a temporary receiver. Accordingly, the Supreme Court properly denied that branch of the plaintiff's cross-motion which was to appoint a temporary receiver.
In light of the foregoing, we need not reach the plaintiff's remaining contentions.
IANNACCI, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court