D'Amico Constr., Inc. v Cow Bay Sprinkler Corp. (2024 NY Slip Op 06604)

D'Amico Constr., Inc. v Cow Bay Sprinkler Corp.

2024 NY Slip Op 06604

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-07431
 (Index No. 702243/20)

[*1]D'Amico Construction, Inc., respondent, 
v
Cow Bay Sprinkler Corp., etc., et al., appellants.

Harnick & Harnick, P.C., New York, NY (Robert Harnick of counsel), for appellants.
Kapsalis Associates, P.C., Whitestone, NY (Maksim Leyvi of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated July 25, 2023. The order granted the plaintiff's motion for leave to reargue its prior motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated June 14, 2022, in effect, conditionally granting the defendants' unopposed motion to dismiss the complaint unless the plaintiff participated in a preliminary conference within 60 days after being served with a copy of the order dated June 14, 2022, with notice of entry, and to restore the action to the court's calendar, which prior motion had been denied in an order of the same court dated April 20, 2023, and, upon reargument, in effect, vacated the order dated April 20, 2023, and thereupon, granted the plaintiff's prior motion.
ORDERED that the order dated July 25, 2023, is affirmed, with costs.
In February 2020, the plaintiff, which had provided certain services to the defendants, commenced this action, inter alia, to recover damages for breach of contract. After the plaintiff failed to attend preliminary conferences or prepare a preliminary conference order, the defendants moved to dismiss the complaint. In an order dated June 14, 2022 (hereinafter the dismissal order), the Supreme Court, in effect, conditionally granted the defendants' motion, which was unopposed, directing that the complaint would be dismissed unless the plaintiff participated in a preliminary conference within 60 days after being served with the dismissal order with notice of entry. Thereafter, the plaintiff failed to participate in a preliminary conference, and the complaint was dismissed.
In March 2023, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the dismissal order and to restore the action to the court's calendar. In an order dated April 20, 2023, the Supreme Court denied the plaintiff's motion, determining that the plaintiff failed to establish a reasonable excuse for its default in participating in a preliminary conference.
The plaintiff subsequently moved for leave to reargue its prior motion pursuant to CPLR 5015(a)(1) to vacate the dismissal order and to restore the action to the court's calendar. In an order dated July 25, 2023, the Supreme Court granted the plaintiff's motion for leave to reargue and, upon reargument, granted the plaintiff's prior motion. The defendants appeal.
A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). "[T]he determination to grant leave to reargue lies within the sound discretion of the court" (Emigrant Bank v Kaufman, 223 AD3d 650, 651-652). Here, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to reargue its prior motion pursuant to CPLR 5015(a)(1) to vacate the dismissal order and to restore the action to the court's calendar, as the plaintiff established that, in determining its prior motion, the court overlooked or misapprehended the factual circumstances presented in the affirmation of the plaintiff's attorney (see U.S. Bank N.A. v Sallie, 215 AD3d 714, 716).
Further, upon reargument, the Supreme Court providently exercised its discretion in granting the plaintiff's prior motion pursuant to CPLR 5015(a)(1) to vacate the dismissal order and to restore the action to the court's calendar. The plaintiff was required to show both a reasonable excuse for the default and the existence of a potentially meritorious cause of action (see Bambrick v City of New York, 207 AD3d 610, 611-612). "A court may, in the exercise of its discretion, accept law office failure as a reasonable excuse" (Davis v 574 Lafa Corp., 206 AD3d 613, 615; see CPLR 2005). Here, the plaintiff's submissions in support of its motion, inter alia, to vacate the dismissal order included an affirmation of its attorney which set forth a detailed and credible excuse of law office failure that adequately explained the default at issue and also demonstrated the existence of a potentially meritorious cause of action (see Matter of Esposito, 57 AD3d 894, 895; Goldstein v Meadows Redevelopment Co Owners Corp. I, 46 AD3d 509, 511).
BARROS, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court