Reis v J.B. Kaufman Realty Co., LLC (2025 NY Slip Op 04265)

Reis v J.B. Kaufman Realty Co., LLC

2025 NY Slip Op 04265

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2020-09730
2021-01350
 (Index No. 707612/15)

[*1]Juvenal Reis, respondent-appellant,
v
J.B. Kaufman Realty Co., LLC, et al., appellants-respondents.

Stempel Bennett Claman & Hochberg, P.C., New York, NY (Richard L. Claman of counsel), for appellant-respondent J.B. Kaufman Realty Co., LLC.
Kucker Marino Winiarsky & Bittens, LLP, New York, NY (Edmond O'Brien of counsel), for appellant-respondent 43-01 22nd Street Owner, LLC.
Lambert & Shackman, PLLC, New York, NY (Thomas C. Lambert and Steven Shackman of counsel), for respondent-appellant.

DECISION & ORDER
In an action for a judgment declaring, inter alia, that a certain lease expires on February 28, 2030, (1) the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered December 7, 2020, and (2) the plaintiff appeals from an order of the same court entered January 4, 2021. The order entered December 7, 2020, insofar as appealed from, stated that the "self-help remedy [of the defendant 43-01 22nd Street Owner, LLC,] of seeking payment directly from the subtenants [of the plaintiff] was . . . in violation of the interim Stipulations" dated March 17, 2016. The order entered December 7, 2020, insofar as cross-appealed from, granted that branch of the cross-motion of the defendant 43-01 22nd Street Owner, LLC, which was pursuant to CPLR 6401 to appoint a temporary receiver. The order entered January 4, 2021, upon granting that branch of the cross-motion of the defendant 43-01 22nd Street Owner, LLC, which was pursuant to CPLR 6401 to appoint a temporary receiver, appointed a temporary receiver.
ORDERED that the appeal from the order entered December 7, 2020, is dismissed, as the defendants are not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order entered December 7, 2020, is affirmed insofar as cross-appealed from; and it is further,
ORDERED that the order entered January 4, 2021, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff and the defendant J.B. Kaufman Realty Co., LLC, were the tenant and [*2]the landlord, respectively, under a lease with respect to certain real property located in Long Island City (hereinafter the subject property). In July 2015, the plaintiff commenced this action for a judgment declaring, inter alia, that the lease relating to the subject property expires on February 28, 2030. In July 2016, the subject property was sold to the defendant 43-01 22nd Street Owner, LLC (hereinafter the owner), and the owner was added as a defendant. Thereafter, the defendants moved, among other things, for summary judgment declaring that the lease expired on February 29, 2016. The Supreme Court, inter alia, denied that branch of the defendants' motion. The defendants appealed, and in a decision and order dated March 11, 2020, this Court reversed the Supreme Court's order insofar as appealed from and, among other things, granted that branch of the defendants' motion (see Reis v J.B. Kaufman Realty Co., LLC, 181 AD3d 740, 742, affd 37 NY3d 1008). The Court of Appeals granted leave to appeal (see Reis v J.B. Kaufman Realty Co., LLC, 36 NY3d 907) and on September 14, 2021, affirmed this Court's decision and order (see Reis v J.B. Kaufman Realty Co., LLC, 37 NY3d 1008).
While the appeal to the Court of Appeals was pending, the plaintiff moved, inter alia, to enjoin the owner from soliciting and collecting rent from the plaintiff's subtenants at the subject property. The owner cross-moved, among other things, pursuant to CPLR 6401 to appoint a temporary receiver to collect rents from the plaintiff's subtenants. In an order entered December 7, 2020, the Supreme Court, among other things, granted that branch of the owner's cross-motion. The defendants appeal, and the plaintiff cross-appeals, from that order. In an order entered January 4, 2021, the court appointed a temporary receiver to collect the rents from the plaintiff's subtenants. The plaintiff appeals from that order.
"CPLR 6401(a) permits the court, upon a motion by a person with an 'apparent interest' in property, to appoint a temporary receiver of that property where 'there is danger' that it will be 'lost, materially injured or destroyed'" (Rozenberg v Perlstein, 200 AD3d 915, 920, quoting CPLR 6401[a]). Nevertheless, "the appointment of a temporary receiver is an extreme remedy resulting in the taking and withholding of possession of property from a party without an adjudication on the merits" (id. [internal quotation marks omitted]; see Meagher v Doscher, 157 AD3d 880, 883). "Therefore, a motion seeking such appointment should be granted only where the moving party has made a clear evidentiary showing of the necessity for the conservation of the property at issue and the need to protect the moving party's interests" (Vardaris Tech, Inc. v Paleros Inc., 49 AD3d 631, 632 [internal quotation marks omitted]; see Rozenberg v Perlstein, 200 AD3d at 920; Suissa v Baron, 107 AD3d 689, 689). Here, contrary to the plaintiff's contentions, the owner established that it had an apparent interest in the subject property (see generally Timur on 5th Ave. v Record Explosion, 290 AD2d 221, 221-222) and made a clear evidentiary showing that the appointment of a receiver was necessary to protect the parties' interests, given the state of affairs between them (see Rozenberg v Perlstein, 200 AD3d at 920; Meagher v Doscher, 157 AD3d at 883; Suissa v Baron, 107 AD3d at 689). Accordingly, under the circumstances, the Supreme Court properly granted that branch of the owner's cross-motion which was to appoint a temporary receiver.
The statement challenged by the defendants in the order entered December 7, 2020, that the owner's "self-help remedy of seeking payment directly from the [plaintiff's] subtenants was . . . in violation of the interim Stipulations" dated March 17, 2016, is dicta (see Waldorf v Waldorf, 117 AD3d 1035). "[F]indings of fact and conclusions of law which do not grant or deny relief are not independently appealable" (Glassman v ProHealth Ambulatory Surgery Ctr., Inc., 96 AD3d 801, 801; see NYCTL 2011-A Trust v Master Sheet Co., Inc., 150 AD3d 755, 756). "Merely because the order appealed from contains language or reasoning that a party deems adverse to its interests does not furnish 'a basis for standing to take an appeal'" (Castaldi v 39 Winfield Assoc., LLC, 22 AD3d 780, 781, quoting Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473; see Tantleff v Kestenbaum & Mark, 131 AD3d 955, 956). Furthermore, a court's dicta is not subject to the preclusive effect of the doctrine of collateral estoppel (see Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 146). Accordingly, the defendants' appeal must be dismissed.
The parties' remaining contentions need not be reached in light of our determination.
GENOVESI, J.P., MILLER, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court